Chester C. **FERREIRA**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 4622.

Supreme Court of Alaska.

Nov. 23, 1979.

Patrick J. McKay, Pettyjohn & Pestinger, Anchorage, for appellant.

William D. Cook, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

In October of 1978, Chester C. Ferreira broke a window, entered a building, and stole a van loaded with cigarettes. The entry damaged the building, and repairs cost $300, while the van suffered $1,000 worth of damage. Cigarettes with a value of approximately $2,500 were never recovered.

Ferreira was charged with Burglary Not In a Dwelling, a violation of AS 11.20.100. He pled guilty, and was sentenced to five years imprisonment. Execution of two years was suspended pursuant to AS 12.55.-080, and Ferreira was placed on probation for the two year period. Ferreira has appealed the sentence.

Chester Ferreira was 22 at the time of the crime, and 23 at sentencing. He was born and raised in Kotzebue. Ferreira attended school through the tenth grade. He has a "sparse and sporadic" work history, indicating short-term employment on two or three occasions. He has never been married or in the military.

Five years previously, while an 18-year-old juvenile Ferreira was adjudicated a delinquent for the commission of two burglaries in the summer of 1973. He spent a few months in a juvenile facility at that time. As an adult he has a prior conviction for unauthorized entry dating from January, 1976. That conviction also involved a motor vehicle theft. In September, 1977, Mr. Ferreira was found not guilty by reason of insanity on a charge of burglary in yet

another incident involving a motor vehicle theft. Ferreira was then committed· to the care of the Department of Health and Social Services; he was a resident at a halfway house connected with the Alaska Psychiatric Institute at the time he committed the burglary in question.

The psychiatric report in the record indicates that Ferreira is a paranoid schizophrenic whose illness is currently in remission, apparently due to chemotherapy. Continued chemotherapy is expected to keep his symptoms under control. The connection, if any, between Ferreira's schizophrenia and the clear pattern of alcohol abuse followed by car theft has not been explained by the examining psychiatrists. One psychiatrist stated that psychiatric institutionalization would not help in relieving his mental problem. Another suggests that strict supervision will eliminate his behavioral problem. At least two rehabilitative facilities have indicated that Ferreira is not an appropriate candidate for other services: one, an alcohol program, rejects him because of his mental problem, and another halfway house facility rejects him because of his criminal recidivism.

In this appeal Ferreira contends that the sentence·is excessive. He argues that the superior court failed to "properly address . . . [his] medical and psychiatric needs"; that the superior court improperly considered a prior acquittal on insanity grounds; that the maximum sentence was imposed although he is not a worst offender; and finally that the failure of the superior court's judgment and commitment to provide for credit for time served is illegal.

▆ We turn initially to appellant's argument that the superior court failed to recommend or require appropriate psychiatric or alcoholic rehabilitative care. He argues that he "is in a 'Catch-22' situation in that he is too sick to be accepted for alcohol rehabilitation, but is not sick enough to be helped by a psychiatrist." The goal of rehabilitation should be a primary consideration in fashioning a sentence where psychi-

atric problems, rather than a general criminal intent, lie at the root of criminal behavior. *Hansen v. State,* 582 P.2d 1041, 1047 (Alaska 1978); *Mattern v. State,* 500 P.2d 228, 235 (Alaska 1972); see *Smith v. State,* ·531 P.2d 1273 (Alaska 1975). Given the obvious presence of mental disorder and alcohol abuse as operative causes of Ferreira's criminal behavior, we think it is imperative that appropriate treatment be provided Ferreira during incarceration and while on probation or parole.[1] See *Bordewick v. State,* 569 P.2d 184, 187 (Alaska 1977); *Waters v. State,* 483 P.2d 199, 202 (Alaska 1971). The judgment of the superior court should be amended to recommend such treatment.

However, designation of the particular facility or program appropriate for appellant, particularly in view of his prior resistance to therapy, is within the discretion of the Division of Corrections. See *Good v. State,* 590 P.2d 420, 425 (Alaska 1979); *Johnson v. State,* 580 P.2d 700, 703 (Alaska 1978); *Parks v. State,* 571 P.2d 1003, 1006 (Alaska 1977); *Fox v. State,* 569 P.2d 1335, 1337–8 (Alaska 1977). We continue to presume that the Division of Corrections will provide appropriate psychiatric care, whether because of a specific identifiable and treatable disorder or simply in fulfillment of its rehabilitative duties.

▆ Ferreira next argues that an insanity acquittal is not evidence that the acts constituting the crime were committed, and that therefore such an incident must be disregarded, relying on decisions involving arrest records or unexplained police contacts. The point is without merit. We have previously held that an insanity acquittal requires, as a preliminary, a finding that the defendant committed the criminal acts. *State v. Alto,* 589 P.2d 402, 404 n.4 (Alaska 1979). Thus, it is appropriate to consider that prior incident as it bears on the chances of a recurrence, the threat to society posed by the offender, and the prospects for reformation. Nevertheless, it

1. The view of the author of the presentence report, that particular attention be given to Ferreira's lack of vocational skills, also has considerable merit in our opinion.

would be inappropriate to view an insanity acquittal as equivalent to a guilty verdict, since the offender's mental state is significantly different. On the other hand, it would not be proper to ignore an insanity acquittal altogether simply because it does not demonstrate a criminal state of mind. The sentencing court's comments indicate that it considered the insanity acquittal as showing only the acts as having been performed, and that the court clearly recognized the lack of criminal responsibility.

■ Ferreira also contends that the superior court sentence is illegal since it failed to provide for credit for time served. This point is without merit. The superior court's judgment failed to provide that credit for time served be given, but as the state correctly points out, the credit arises by operation of law. *See* AS 11.05.040. In this connection we previously have said:

> The statute should control even when a sentence does not specifically provide for giving the credit, but in order to prevent problems arising when . . . sentence is served outside Alaska, judges should include a provision granting such credit in the formal judgment.

*Black v. State,* 569 P.2d 804, 806 (Alaska 1977). We make a similar suggestion for in-state prisoners, as there is no assurance that they will not be administratively transferred outside the state prior to expiration of the term. Including such a provision ensures that a prisoner's sentence will be properly computed by out-of-state correctional authorities.

■ Ferreira's final point is that the superior court erred in imposing the maximum sentence since he was not a worst offender. As a portion of the sentence was suspended, the maximum sentence was not imposed and no worst offender categorization was needed.[2] Ferreira's repeated criminal conduct, and his resistance to prior rehabilitative efforts warranted the imposition of a substantial sentence.

■ While suspension of a portion of the term eliminates the requirement of a worst offender analysis, the entire length of the sentence must be assessed without regard to the suspension. We hold that Ferreira's specific complaints do not support his contention that the sentence is excessive, and thus conclude that the sentence was not clearly mistaken. We believe, however, that the judgment should contain a recommendation to the Division of Corrections that Ferreira receive treatment for his alcohol abuse and such psychiatric counselling as the Division of Corrections may find advisable. We remand with directions to enter an amended judgment which includes such recommendation. Upon remand, we also direct that the sentence be revised to specifically include credit for time served.

Affirmed.

2. *Cf. Spearman v. State,* 543 P.2d 202, 205 (Alaska 1975) (Ten year sentence with three years suspended is not the maximum sentence for attempted manslaughter, even though statutory maximum sentence for the offense is ten years).