Larry WERTZ, Appellee,

v.

STATE of Alaska, Appellant.

No. 4683.

Supreme Court of Alaska.

April 25, 1980.

David Backstrom, Asst. Public Defender, Fairbanks, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

RABINOWITZ, Chief Justice.

In a much-publicized incident in the summer of 1977, Larry Wertz attached sixty-three sticks of dynamite to the Alyeska oil pipeline near Fairbanks and exploded them.[1] The explosion did about $45,000 worth of damage to the pipeline, but did not interrupt the transmission of oil or cause an oil spill. After a jury trial, Wertz was convicted of malicious destruction of property (former AS 11.20.515) and was sentenced to ten years in prison, with three years suspended. The maximum sentence for this offense is ten years. Wertz brought this sentence appeal, alleging that the sentence is excessive. We disagree, and affirm.

Wertz was twenty-six at the time the offense was committed. His prior criminal record consisted of one misdemeanor. He had served briefly in the Army, and was given an honorable discharge by virtue of unsuitability for military service. During his Army service, he had one disciplinary infraction, for being absent without leave, when he overstayed a furlough. He had no prior history of treatment for mental illness.

During the spring and summer of 1977, Wertz was employed as a laborer on a small gold mine just north of Fairbanks. He discussed with other miners in the area his belief that there was a conspiracy among wealthy capitalists to bring down the United States and impose some form of world government. The Alyeska oil pipeline (then in the final stages of construction) was, he said, controlled by this conspiracy. Therefore, the pipeline should be blown up. He also found support in the Book of Revelation and other religious writings for his theories. At one time he said that, in a vision, God told him to blow up the pipeline. He had access to dynamite used in the mining operations, but did not have experience in using it. He persuaded a fellow worker who had explosives experience to help him.

In the early morning hours of July 20, 1977, shortly after the pipeline began operations, Wertz and his companion attached three bundles, each containing twenty-one sticks of dynamite, to the vertical supports for the elevated pipe. Shortly after 3 a. m., they detonated the dynamite using electric batteries. The explosions tore apart the insulation around the pipe, and damaged the vertical supports, but did not puncture the pipe or cause oil to leak or spill.

Wertz gave notice of an insanity defense (AS 12.45.083) and also alleged that he was mentally incompetent to stand trial. He was initially found mentally incapable of understanding the proceedings against him and assisting in his defense. After about four months of treatment in Atascadero State Hospital in California, he was found to have regained sufficient capacity to understand the proceedings.

The superior court judge in imposing sentence initially concluded that the defendant was not the "worst type of offender" in his class (State v. Wortham, 537 P.2d 1117, 1120 (Alaska 1975), and therefore not deserving of the maximum sentence. He went on to make the slightly different point that Wertz' offense was "one of the most serious property crimes." He discussed the possibilities of rehabilitation, and made a

---

1. The delay from the time of the offense to the time of issuance of this opinion is due largely to two factors. Wertz was initially found mentally incompetent to stand trial, as discussed in more detail, *infra*, and received several months of psychiatric treatment prior to trial. Also, he did not take a timely appeal. We granted permission for him to take an untimely appeal several months after the trial court had imposed sentence.

"very strong recommendation" that the Division of Corrections classify Wertz to a facility at which he would receive psychiatric counseling.

We agree with the superior court that the instant offense was one of the most serious of all property crimes. It created the very real danger of a calamitous explosion and fire, and the environmental damage caused by a large-scale oil spill. It was Wertz' intention to put the pipeline out of commission, which could have had a substantial effect on the national economy.[2]

■■ Since the superior court suspended a portion of the maximum term, this is not a maximum sentence and it need not be demonstrated that Wertz was the worst type of offender. *Ferreira v. State*, 602 P.2d 803, 806 (Alaska 1979); *Spearman v. State*, 543 P.2d 202, 205 (Alaska 1975).

■■ Wertz' second point on appeal is that the sentence does not adequately provide for his rehabilitation. We cannot agree with this contention. The superior court in sentencing Wertz discussed at length his unquestioned need for psychiatric treatment. The court made the strongest possible recommendation that Wertz be placed in an institution where he would receive such treatment. The trial court cannot designate the specific institution where the defendant is to be confined. *Ferreira v. State*, 602 P.2d 803, 805 (Alaska 1979). Nor can it be expected to sentence a defendant for a crime of this seriousness to some type of rehabilitative therapy in lieu of imprisonment.

We are convinced that the record amply supports the trial court's conclusion that Wertz is a dangerous offender who requires both a lengthy term of imprisonment and intensive rehabilitative efforts. The trial court was not clearly mistaken in its sentence. *McClain v. State*, 519 P.2d 811 (Alaska 1974).[3]

The sentence is AFFIRMED.

BOOCHEVER, J., not participating.

2. We note that the legislature has drawn a similar conclusion about the seriousness of damage to oil and gas facilities. Former AS 11.20.517(a), which took effect shortly after the instant offense, makes the malicious destruction of oil and gas property a felony, carrying a ten-year maximum sentence, regardless of the amount of damage. Likewise, in the new Criminal Code, any intentional damage to an oil or gas pipeline or supporting facility constitutes criminal mischief in the first degree, a class B felony, carrying a ten-year maximum sentence. AS 11.46.480, AS 12.55.125(d). Intentional damage to other types of property is a class C felony, carrying a five-year maximum sentence, if the damage exceeds $500. AS 11.46.482, AS 12.55.125(e).

3. The state asks that Wertz' sentence be revised upward to the maximum by requiring him to serve the three suspended years as well as the other seven. The state did not, however, file a notice of appeal in the form and at the time prescribed in Appellate Rule 21.

In light of these circumstances, we have concluded that this is not an appropriate occasion to tackle the difficult and unbriefed double jeopardy question.