**Ernesto Sella RODRIGUEZ, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5032.**

Supreme Court of Alaska.

July 18, 1980.

James D. Oswald, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE, and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

A 22-year-old Army enlisted man named Ernesto Sella Rodriguez was driving home to Fort Richardson in late August, 1978, when he stopped to pick up a 16-year-old female hitchhiker. The girl was allegedly a

---

prostitute. She made advances to Rodriguez and at her direction Rodriguez, who had been drinking, drove to a secluded area where they engaged in sexual intercourse.

Afterwards, Rodriguez became violent. The girl may have demanded more money than the agreed price, may have insulted Rodriguez, and may have kicked him in the testicles; Rodriguez's memory is unclear. He hit her on the head with a piece of wood which was lying on the ground, dragged her into some woods, and drove off. The girl died of a broken skull.

Rodriguez was indicted for first degree murder and after a jury trial he was convicted of manslaughter. He was sentenced to twelve years in prison, with five years suspended. He appeals the sentence.

The sentencing court was persuaded that rehabilitation must be the central focus of Rodriguez's sentence.[1] The court was of the view that it was essential that Rodriguez receive psychological counseling in order to prevent future criminal conduct.[2] The court also thought that until treated, Rodriguez would remain a dangerous man who should be isolated from society. The sentencing court gave a lengthy sentence to ensure that Rodriguez would receive the necessary long-term psychological treatment.

Rodriguez argues that the sentence is too long because the psychological problems the superior court emphasized may possibly be eliminated in a lesser period, and because he has no criminal record and has other favorable characteristics.[3]

We believe that there is no inconsistency between the superior court's emphasis upon rehabilitation and the length of the sentence it imposed. In *State v. Lancaster*, 550 P.2d 1257, 1259 (Alaska 1976), we said:

> The fact that a criminal should be rehabilitated . . . does not mean that he should escape punishment for his misdeeds. The very opposite may be true. Penalties must be imputed in most instances in order to make rehabilitation effective, as well as to protect the public and deter others from engaging in criminal conduct.

It may be that Rodriguez is dangerous because of his mental problems, but his problems were found insufficient to relieve him of criminal responsibility. An unjustified death occurred as a result of Rodriguez's deliberate act, and he must bear responsibility for the consequences. When his own culpability is combined with the apparent psychological roots of the crime, the sentence is not clearly mistaken.[4] The parole board, aided by psychiatric advice and correctional information, is the proper authority to determine if Rodriguez's response to treatment and correctional efforts are such as to warrant release in less than seven years. Viewed from the perspective of the sentencing court, there is ample support for the conclusion that Rodriguez is a dangerous man who must be incarcerated for a significant period.[5] We thus conclude that

---

1. The superior court stated in part:
   I place rehabilitation as the most important goal of the court in fashioning a sentence for the reason that, quite frankly, if the defendant is not rehabilitated, if he's not treated effectively, he will emerge from whatever institution I send him to as a dangerous person
   . . . . .

2. Rodriguez was interviewed by three psychiatrists. They found him chronically depressed, and harboring sexual conflicts and anxieties. Two of the three agreed that his mental state makes him dangerous, and requires treatment. His drinking problem exacerbates his potential for future violence. There is some indication that Rodriguez may have organic brain damage as the result of an automobile accident which occurred in 1975 or 1976.

3. In part, appellant argues:
   In the absence of an affirmative showing that in-patient and out-patient treatment for a period in excess of a decade was warranted, a sentence totalling ten years or less, with at least half suspended, would appear to be the maximum supported by the record or by the *Chaney* criteria.

4. *See note two supra.*

5. We note that the sentencing court made a special effort to ensure that Rodriguez receive adequate psychological counseling while incarcerated. While the sentencing court could not designate the facility in which the sentence was to be served, it strongly advised that Rodriguez be placed in a particular institution where adequate psychological care is available, specifical-

the superior court was not clearly mistaken in imposing the sentence it did in the case at bar.[6]

The sentence is AFFIRMED.

BOOCHEVER, J., not participating.

ly recommending an out of state facility recommended to it at the sentencing hearing.

6. See *McClain v. State*, 519 P.2d 811 (Alaska 1974). *See generally Wertz v. State*, 611 P.2d 8 (Alaska 1980); *Ferreira v. State*, 602 P.2d 803 (Alaska 1979).