| Name of Defendant & Case Number | Intoximeter 3000 & Date of Test | ** Re-Test Average | & Result | % of Error | Re-calculation (Results | & Average) | % of change from Intoximeter |
|---|---|---|---|---|---|---|---|
| | | ** | | | | | |
| William M Dorn | .13 | .075 | | 47% | .1205 | | |
| 3 ANM 83–7186 | 11–08–83 | .062 | .069 | | .099 | .110 | 15% |
| Christopher Corbat | .14 | .077 | | 24% | .119 | | |
| 3 ANM 83–5906 | 09–16–83 | .106 | | | .142 | | |
| | | .090 | .106 | | .122 | .121 (.127)* | 8% |
| James S. Coffin | .15 | .098 | | 37% | .157 | | |
| 3 ANM 83–7647 | 11–23–83 | .092 | .095 | | .148 | .152 | 1% |
| Yohannes Mesfine | .19 | .129 | | 34% | .206 | | |
| 3 ANM 83–7714 | 11–29–83 | .121 | .125 | | .194 | .200 | 5% |
| William J. Walker Jr. | .13 | .071 | | 44% | .090 | | |
| 3 ANM 83–6278 | 09–24–83 | .064 | | | .081 | | |
| | | .094 | | | .119 | | |
| | | .063 | .073 | | .080 | .093 | 28% |
| Ramiro Hernandez | .26 | .107 | | 46% | .153 | | |
| 3 ANM 83–4629 | 07–25–83 | .146 | | | .209 | | |
| | | .134 | | | .170 | | |
| | | .140 | | | .191 | | |
| | | .140 | .140 | | .200 | .185 | 29% |
| Ralph Rollins | .12 | .083 | | 26% | .119 | | |
| 3 ANM 83–4981 | 08–09–83 | .105 | | | .152 | | |
| | | .079 | | | .114 | | |
| | | .069 | .089 | | .101 | .117 (.122)* | 2% |
| William D. Jarvinen | .20 | .117 | | 32% | .158 | | |
| 3 ANM 83–6552 | 10–15–83 | .151 | | | .204 | | |
| | | .130 | | | .186 | | |
| | | .131 | .137 | | .187 | .184 | 8% |
| Walter R. Thomas | .13 | .073 | | 45% | .117 | | |
| 3 ANM 83–8320 | 12–22–83 | .068 | .071 | | .109 | .113 | 13% |
| John R. Walker | .16 | .080 | | 50% | .129 | | |
| 3 ANM 83–6720 | 10–22–83 | .083 | .082 | | .138 | .131 | 18% |

* Corrected Average.

** Obtained telephonically off record.

**Gilbert JOSEPH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1166.**

Court of Appeals of Alaska.

Jan. 31, 1986.

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth S. Roosa, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Gilbert Joseph was sentenced in 1980 to twelve years with five years suspended upon conviction of manslaughter. In 1985, Joseph was convicted of attempted first degree sexual assault. As a result of that offense, Joseph was also found to have violated the conditions of his probation on the 1980 manslaughter conviction. Superior Court Judge Gerald J. Van Hoomissen considered both matters for sentencing purposes. Judge Van Hoomissen imposed an adjusted presumptive term of fifteen years with five years suspended on the sexual assault charge. Judge Van Hoomissen also revoked probation and reinstated the full suspended five year term in the manslaughter case, but he specified that Joseph's sentence for the probation revocation was to be served concurrently with his sentence for attempted sexual assault.

After Judge Van Hoomissen indicated that he intended to impose the two terms concurrently, the state questioned his authority to do so. Judge Van Hoomissen was initially unconvinced by the state's argument. He indicated that his sentencing decision would stand unless the state provided authority to convince him that he was in fact precluded from imposing concurrent sentences. In this regard, Judge Van Hoomissen stated, in relevant part:

> It's my intention that [Joseph] be given ten years in jail to serve, and that he be given a substantial period of probation. The statute does not mandate a consecutive sentence. Now, there may be case law on it, of which I'm not aware, and if that's the case you can brief it....
>
> .    .    .    .    .
>
> And right now it's concurrent, unless the court has mandated to change that, of which I will do if I have to, that will be the sentence.

The state subsequently filed a memorandum with the trial court, arguing that consecutive sentences were required under AS 12.55.025(e). Judge Van Hoomissen apparently accepted the state's argument and entered a written judgment imposing the probation revocation sentence consecutively to the sentence for attempted sexual assault. Joseph appeals. He does not challenge his sexual assault sentence but contests the consecutive term imposed on the probation revocation matter.

On appeal, Joseph relies on our recent decision in *State v. Andrews*, 707 P.2d 900 (Alaska App.1985), *petition for hearing granted*, (Alaska, December 6, 1985), for the proposition that the sentencing court had discretion to impose concurrent sentences. Our decision in *Andrews*, however, dealt primarily with sentences under AS 12.55.025(g). Joseph's written judgment in the probation revocation case was imposed under AS 12.55.025(e). As the state correctly notes, AS 12.55.025(e) was not directly addressed by our decision in *Andrews*. The state urges us now to hold that the mandatory consecutive sentencing provisions of subsection (e) remain valid. This is an issue upon which we expressly reserved judgment in *Wells v. State*, 706 P.2d 711, 713 n. 4 (Alaska App.1985).

In the present case, however, it is unnecessary for us to decide whether the validity of AS 12.55.025(e) has been affected by *Andrews*. We assume that subsection (e), as we construed it in *Wells*, is valid and that under this provision concurrent sen-

tences were impermissible here. We further assume that a judgment unlawfully imposing concurrent sentences could, under certain circumstances, subsequently be corrected to impose consecutive sentences without violating the prohibition against double jeopardy. *Cf. State v. La Porte,* 672 P.2d 466, 466–67 (Alaska App.1983). We nevertheless conclude that, under the circumstances of this case, it was improper to correct the unlawful concurrent sentences by requiring Joseph's probation revocation sentence to be served consecutively.

We believe it apparent that if an order increasing an unlawful sentence can ever be justified, it will only be when the increase is actually necessary to correct the illegality—that is, when there is no lawful way for the court to carry out its original sentencing intent. Here, the clear intent originally expressed by Judge Van Hoomissen was to require Joseph to serve a total term of ten years' imprisonment, with an additional five-year period of probation tacked on. The verbal order imposing concurrent sentences may well have been precluded by AS 12.55.025(e). Yet the court had at its disposal an alternative that would have resulted in the entry of a lawful judgment without altering its original sentencing intent.

As in any probation revocation matter, Judge Van Hoomissen was under no legal compulsion to revoke probation and impose a sentence. Rather, he was vested with the authority and discretion to continue Joseph's probation, regardless of whether a violation of probation had been established. *See, e.g., Holton v. State,* 602 P.2d 1228, 1240 (Alaska 1979). Modification of the original, verbally-imposed sentence to provide for Joseph's continued probation would have fully accomplished, in a lawful manner, Judge Van Hoomissen's original sentencing goal. Since this alternative was legally available, the sentencing court was obligated to use it in lieu of an alternative that increased Joseph's sentence and departed from the court's initial sentencing intent.

The written judgment is VACATED and this case is REMANDED for entry of an amended judgment consistent herewith.