**Leroy B. COATES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1422.**

Court of Appeals of Alaska.

July 11, 1986.

Mary P. Treiber, Asst. Public Defender, Barrow, and Dana Fabe, Public Defender, Anchorage, for appellant.

Marlin D. Smith, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and SINGLETON and HUNT,* JJ.

OPINION

BRYNER, Chief Judge.

Leroy B. Coates was convicted of one count of sexual assault in the second de-

---

* Hunt, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

gree, a class B felony, and one count of assault in the fourth degree, a class A misdemeanor. Superior Court Judge Michael I. Jeffery sentenced Coates to a term of five years, with two years suspended, on the felony and to a consecutive term of eight months, all suspended, on the misdemeanor. In *Coates v. State*, MO & J No. 978 (Alaska App. November 13, 1985), we affirmed the felony sentence but remanded the misdemeanor sentence for further consideration.

Our remand was for two purposes: first, it appeared that Judge Jeffery, in imposing the misdemeanor sentence, believed that consecutive sentences were mandated by AS 12.55.025(g). Under our decision in *State v. Andrews*, 707 P.2d 900 (Alaska App.1985), *petition for hearing granted* (December 6, 1985), however, the court would have been permitted to sentence concurrently. We therefore ordered Judge Jeffery, on remand, to redetermine the appropriateness of consecutive sentencing in light of *Andrews*.

Second, Judge Jeffery initially concluded that Coates was not entitled to received credit under AS 12.55.025(c) for eight months of time he had served in juvenile detention while awaiting disposition of juvenile waiver proceedings. Judge Jeffery's decision to suspend Coates' eight-month misdemeanor term was apparently intended to offset the eight months for which the judge believed Coates would not receive credit. We held that Coates was in fact entitled to receive credit for the eight months of time he had served in detention. Accordingly, we requested Judge Jeffery, on remand, to reevaluate the eight-month suspended sentence in light of the fact that Coates was entitled to receive credit under AS 12.55.025(c).

On remand, Judge Jeffery determined, as a matter of discretion, that a consecutive sentence was still appropriate for the misdemeanor charge and that, as originally contemplated, Coates should still be required to serve, in addition to the time he had served in juvenile detention, an unsuspended term of three years' imprisonment.

In order to accomplish his original sentencing objectives, while still allowing credit for time served, Judge Jeffery reimposed the eight-month misdemeanor term without suspending any portion of that term, but expressly providing that Coates receive eight months' credit under AS 12.55.025(c). In this regard, Judge Jeffery found:

> The original sentencing order noted that the eight months imposed in Count Two (the misdemeanor) were suspended in recognition of the approximately eight months of juvenile detention time, since the court had found that it could not actually give formal credit as time served for that period of time. Now that the court of appeals has held that credit for those eight months is required as time served, the court has instead imposed the entire eight months and suspended none of it. Instead, the court has noted that the eight months has been served by the time spent in juvenile detention.

Coates now appeals Judge Jeffery's order on remand, contending that it amounted to an impermissible increase in his sentence. Coates argues that Judge Jeffery should have been required to impose the misdemeanor sentence concurrently with the felony sentence.

Credit for time served is mandatory under Alaska law. AS 12.55.025(c) provides:

> (c) Except as provided in (d) and (e) of this section, when a defendant is sentenced to imprisonment, the term of confinement commences on the date of imposition of sentence. A defendant shall receive credit for time spent in custody pending trial, sentencing, or appeal, if the detention was in connection with the offense for which sentence was imposed. A defendant may not receive credit for more than the actual time spent in custody pending trial, sentencing, or appeal. The time during which a defendant is voluntarily absent from official detention after the defendant has been sentenced may not be credited towards service of the sentence.

Under the terms of this statute, a sentencing court has no authority to deprive the

defendant of credit for time served. *See Ferreira v. State*, 602 P.2d 803, 806 (Alaska 1979); *Black v. State*, 569 P.2d 804, 806 (Alaska 1977); *Qualle v. State*, 652 P.2d 481, 487–88 (Alaska App.1982).

■ It is nevertheless apparent that a sentencing judge may elect to articulate a sentence by designating a period of time to be served and specifying that this period be served in addition to time the defendant has already spent in confinement. This approach to formulation of a sentence is not violative of AS 12.55.025(c), provided that the sentencing court makes clear its awareness of the prior time served by the defendant and its intention to include that time as part of the total sentence. Thus, where a sentencing court, in imposing the original sentence, has unambiguously manifested its intent to require that a specified term of imprisonment be served in addition to time previously served, this court has not hesitated to hold that AS 12.55.025(c) did not require additional credit to be given. *See Schwing v. State*, 633 P.2d 311, 313 (Alaska App.1981). Conversely, where there has been ambiguity in a trial court's sentencing remarks, we have applied AS 12.55.025(c) and required that credit be given for time previously served. *See Nygren v. State*, 658 P.2d 141 (Alaska App.1983).

■ The primary issue in this case appears to be whether Judge Jeffery's original sentence remarks were ambiguous with respect to the issue of credit for time served. In considering this issue, we are mindful of principles enunciated by the Alaska Supreme Court in *Chase v. State*, 479 P.2d 337, 339–40 (Alaska 1971) (footnotes omitted):

> It is axiomatic that trial courts' final judgments, particularly sentences calling for incarceration in criminal matters, must be framed with clarity and accuracy in order to avoid the possibility of injustice and confusion. Broad and uniform recognition has been given to the precept that a sentence imposed by a court acting in a criminal case should be definite, unequivocal and unambiguous, so that both the defendant and the officials charged with executing the sentence will be fairly apprised of the intentions of the court. It is similarly well established that where a criminal sentence is ambiguous, it must be interpreted in favor of the individual who has been deprived of his liberty. At the same time, however, it is apparent that the elimination of all doubt in sentencing is frequently not possible; consequently, the validity of a sentence will not be affected where, despite technical imperfection or uncertainty, there can be no reasonable doubt as to the intention of the sentencing court.

Having reviewed the original sentencing comments made by Judge Jeffery, we conclude that "there can be no reasonable doubt as to the intention of the sentencing court." *Chase v. State*, 479 P.2d at 340. Judge Jeffery sought to impose a total sentence that would require Coates to serve three years of unsuspended incarceration in addition to the time he had spent in juvenile detention. It is abundantly clear from the original sentencing hearing that Judge Jeffery's decision to suspend eight months of the misdemeanor sentence was made only as a means of allowing credit for the eight months Coates had spent in detention, which the Judge believed would not otherwise be allowed.

Resentencing on the misdemeanor charge was necessitated in this case because Judge Jeffery was mistaken in his original conclusion that Coates was not entitled to receive credit for time spent in juvenile detention. As reimposed, the misdemeanor sentence fully effectuates the original intent of the sentencing court. Although the reimposed sentence may, on its face, appear to be an increase over the term originally imposed, the appearance is one of form rather than of substance: the full eight-month misdemeanor term has already been served by Coates, as indeed, it had been at the time of the original sentencing hearing.

Nor was the sentencing court precluded by double jeopardy considerations from rectifying its original mistake with respect to

credit for time served by reinstating the initially suspended eight-month misdemeanor term. Because the court's original sentencing intent and its error with respect to the applicability of credit for time served are both apparent on the contemporaneous record of the original sentencing hearing, the imposition of a nominally more severe sentence is not precluded by double jeopardy. *See, e.g., Shagloak v. State,* 582 P.2d 1034, 1037–38 (Alaska 1978).[1]

The sentence imposed on remand is AFFIRMED.

COATS, J., not participating.

---

1. In contending that Judge Jeffery should have been required to impose the misdemeanor term concurrently, Coates relies on our recent decision in *Joseph v. State,* 712 P.2d 904, 906 (Alaska App.1986). We find *Joseph* to be inapposite. In *Joseph,* we held that a sentencing court may not correct an illegally imposed sentence by increasing it in order to make it legal if an alternative, lawful means exists that would enable the court to carry out its original sentencing intent. The present case is readily distinguishable from *Joseph,* in that the sentence imposed by Judge Jeffery on remand fully effectuated his original sentencing intent.