**David L. CORNWALL, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5381.

Court of Appeals of Alaska.

Sept. 12, 1995.

---

William R. Satterberg, Jr., Fairbanks, for appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before BRYNER, C.J., COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

David L. Cornwall entered a plea of no contest to one count of sexual abuse of a minor in the second degree, in violation of AS 11.41.436(a)(3). The offense is a class B felony. AS 11.41.436(b). At the original sentencing hearing, Superior Court Judge Jay Hodges initially sentenced Cornwall to a term of six years with four years suspended. The following day, Judge Hodges notified the parties that he had misspoken in imposing Cornwall's sentence and had meant to impose a term of six years with two years suspended, not six years with four years suspended. After a further hearing, Judge Hodges determined that Cornwall's sentence could properly be modified to effectuate the originally intended sentence. Judge Hodges entered a modified judgment sentencing Cornwall to six years with two years suspended. Cornwall appeals, contending that the increased sentence violates his right to protection against double jeopardy. We reverse.

The applicable law is clear:

Once a sentence is meaningfully imposed, the constitutional provisions prohibiting double jeopardy bar the court from increasing the sentence. *Sonnier v. State,* 483 P.2d 1003, 1005 (Alaska 1971). A sentence is meaningfully imposed when it is legally imposed and not subject to change under the Alaska Criminal Rules. *Shagloak v. State,* 582 P.2d 1034, 1037 (Alaska 1978); see also *Dentler v. State,* 661 P.2d 1098 (Alaska App.1983). The court in *Shagloak* held that a sentence was not subject to change under the criminal rules unless there existed "an objectively ascertainable mistake—a mistake which can be

determined by contemporaneous record evidence...." 582 P.2d at 1038. *Merry v. State,* 752 P.2d 472, 474 (Alaska App.1988).

An "objectively ascertainable" mistake occurs when the contemporaneous record of the sentencing hearing reveals an "obvious mistake[ ]"—that is, when the sentence initially imposed "obviously conflict[s] with the intention of the court" and is not "logically possible," *Shagloak v. State,* 582 P.2d at 1038. Before a sentence may be deemed mistaken and increased, the contemporaneous record must leave "no reasonable doubt as to the intention of the sentencing court." *Coates v. State,* 721 P.2d 655, 657 (Alaska App.1986) (quoting *Chase v. State,* 479 P.2d 337, 340 (Alaska 1971)).

In the present case, Cornwall, a first felony offender, was not subject to presumptive sentencing. The offense for which he was convicted, a class B felony, carried a second offense presumptive term of four years. The sentencing court could not exceed this term without formally finding statutory aggravating factors or extraordinary circumstances warranting three-judge panel referral. *See Wylie v. State,* 797 P.2d 651, 662 (Alaska App.1990); *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981).

The state alleged, and Judge Hodges found, four aggravating factors. In imposing sentence, Judge Hodges noted that Cornwall's prospects for rehabilitation appeared unusually favorable but found that his conduct was exceptionally serious, placing his case within the second benchmark category for first-offense class B felonies. *See State v. Jackson,* 776 P.2d 320, 326 (Alaska App.1989) ("For an offense that is exceptionally aggravated ... a term of up to six years of unsuspended incarceration ... would be justified.") Judge Hodges sentenced Cornwall as follows:

The court feels it is necessary to impose a period of incarceration. The court feels it is necessary to have some probation, a suspended time with a substantial probationary period. The court finds it is necessary to require Mr. Cornwall to complete a ... sexual offender program as well as aftercare when he's released from incarceration. The court is going to impose a period of six years and suspend four. He's to be placed on probation for a period of five years upon his release from custody.... [T]he court will recommend that he be incarcerated in the facility so that he may participate in sex offender treatment.

The following day, Judge Hodges realized that he had misspoken—that he had meant to sentence Cornwall to a term of six years with two years suspended. An additional hearing was scheduled. After allowing the parties to argue whether the originally imposed sentence was subject to correction, Judge Hodges found that it was:

In respect to the sentence, it was fully the intent at the time of the sentence—the court's sentencing remarks with respect to the aggravators and so forth would clearly indicate objectively that it would not be a four year suspended sentence. The court misspoke when it said that and, therefore, the court is going to impose a six year sentence with two years suspended. The rest of the conditions will remain the same.

On appeal, Cornwall argues that his increased sentence was barred by double jeopardy. The state responds that the contemporaneous record of the original sentencing hearing reveals an objectively ascertainable mistake and that Cornwall's sentence was therefore subject to correction. The state points to three areas in which the court's mistake is objectively discernible.

First, the state argues that the sentencing court's finding of four aggravating factors manifested its intention to impose an unsuspended sentence equalling or exceeding the four-year *Austin* limit. But the finding of aggravating factors pursuant to *Wylie* merely made a sentence in excess of the *Austin* limit permissible; it did not make such a sentence mandatory, or even necessarily desirable. As in other sentencing contexts, the existence of aggravating factors established under *Wylie* does not automatically call for any particular sentencing adjustment. Rather, the extent to which a sentence should actually be affected by aggravating factors is a matter to be determined by the sentencing court based on the totality of the circumstances in each case. Particularly in light of the sentencing court's findings concerning Cornwall's favorable prospects for rehabilitation, its decision to

impose a sentence of six years with four years suspended was "logically possible" and did not "obviously conflict" with its finding of four aggravating factors.

■ Second, the state argues that Judge Hodges' placing of Cornwall's case within the second benchmark sentencing category of *State v. Jackson* evinced the court's intent to impose an unsuspended term of four, rather than two years. Under *Jackson's* second category, the court may, but is not required to, impose a sentence of up to six years' unsuspended incarceration for an exceptionally aggravated first offense class B felony. 776 P.2d at 326. Before deciding upon a sentence, a judge who finds that exceptionally aggravated conduct warrants classifying an offender's case within the second *Jackson* benchmark must proceed to consider the totality of the circumstances, including the offender's potential for rehabilitation. *Id.* at 327. And in balancing the totality of the circumstances, the court is empowered with discretion to impose a sentence that falls well below the ceiling for the second category benchmark. Again, given Cornwall's prospects for rehabilitation, the sentencing court's original decision to impose a term of six years with four suspended does not obviously conflict with its decision. to rank the case, based on the seriousness of Cornwall's conduct, within *Jackson's* second benchmark category.

■ Third, the state maintains that the sentencing court's intent to impose a four-year unsuspended term is plain in light of its recommendation that Cornwall receive sexual offender treatment while incarcerated. The state points to evidence in the sentencing record indicating that sexual offenders cannot be classified to the Hiland Mountain sexual offender treatment program unless they receive at least four years of unsuspended incarceration. But the record on this score is decidedly ambiguous, for Judge Hodges did not order or recommend that Cornwall be classified to the Hiland Mountain program.

Cornwall's psychologist, Lawrence Gooding, testified that the Hiland Mountain treatment program might in theory be the best prison program for Cornwall's treatment needs, but expressed reservations about whether Cornwall could ever actually participate in the program's group treatment setting, since Cornwall had been an Alaska State Trooper. Implicit in Gooding's testimony is the suggestion that other treatment options were available and might be preferable. Notably, the sentencing court did not order Cornwall to participate in any particular treatment program; indeed, the court did not unequivocally specify whether Cornwall was required to pursue treatment while incarcerated.[1] Under the circumstances, the sentencing court's treatment recommendation did not clearly demonstrate its intent to sentence Cornwall to an unsuspended four-year term.

The contemporaneous record thus reveals no irreconcilable inconsistencies or obvious anomalies. Cornwall's sentence, as originally imposed, was neither impermissible nor irrational: it was "logically possible." *Shagloak,* 582 P.2d at 1038. A reasonable person, fully informed of the background of the case and the applicable law, but reviewing the contemporaneous record objectively and without the benefit of the sentencing court's subsequent explanation of its subjective purpose, could certainly entertain a reasonable doubt as to whether the court misspoke in imposing a term of six years with four years suspended. Although the circumstances relied on by the state, viewed in retrospect, provide strong evidence to corroborate the sentencing court's explanation of its original intention, they do not, standing apart from the court's explanation, reveal an "objectively ascertainable mistake." *Id.*

■ In short, Cornwall's. original sentence was lawfully imposed; once lawfully imposed, it could not later be increased. "[T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873), *quoted in Sonnier v. State,* 483 P.2d 1003, 1004 (Alaska 1971).

---

1. In relevant part, Judge Hodges stated that he found it necessary "to require Mr. Cornwall to complete ... a sexual offender program as well as aftercare when he's released from incarceration."

The corrected judgment is VACATED. This case is REMANDED with directions to reinstate the original judgment.