Bartel P. **GILMORE**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1326.

Supreme Court of Alaska.

Jan. 11, 1971.

William H. Fuld, Kay, Miller & Libbey, Anchorage, for appellant.

Harold W. Tobey, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, G.

Kent Edwards, Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

CONNOR, Justice.

This is a sentence appeal.[1]

Appellant was indicted for the crime of first degree murder committed by shooting one Delores Louise Moore in the head with a revolver. He pleaded guilty to negligent homicide, an offense which carries one to twenty years' imprisonment.[2]

In order to allow appellant to gather information beyond that in the presentence report, the trial court recessed the sentence proceedings for more than two months. Thereafter, the court imposed a sentence of three years' imprisonment.

This appeal in large part is directed to the point that the officer preparing the presentence report was unfair to appellant by including slanted and prejudicial information about him, thus leading to the imposition of a sentence which was not based upon a balanced view of the facts bearing upon the selection of a proper sentence. It is also argued that imprisonment would not further appellant's rehabilitation. Appellant asks that he be given probation.

We disagree.

A discussion of the minute and detailed facts which were before the trial court would serve little purpose. Such a discussion would not, in our opinion, contribute anything worthwhile to the improvement

---

1. AS 22.05.010(b) provides: "The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient and, in the exercise of this jurisdiction, may modify the sentence as provided by law and by the constitution of this state. For the purpose of considering appeals of sentences on these grounds, the supreme court may sit in divisions."

2. AS 11.15.080. *Negligent Homicide.* "Every killing of a human being by the culpable negligence of another, when the killing is not murder in the first or second degree, or is not justifiable or excusable, is manslaughter, and is punishable accordingly."
AS 11.15.040 provides that manslaughter is punishable by imprisonment for not less than one year nor more than twenty years.

or refinement of sentencing techniques or to the development of any legal principles.

We have reviewed the record and the sentencing proceedings in accordance with the standards enunciated in State v. Chaney, 477 P.2d 441 (Alaska, 1970). It is our opinion that the sentence was well within a zone of reasonableness and that the trial court strove to achieve a reasonable sentence under the circumstances. It cannot be said that the court was "clearly mistaken" in opposing this sentence. State v. Chaney, *supra*.

Affirmed.