**Joseph Eugene McCLAIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1927.**

Supreme Court of Alaska.

March 15, 1974.

William H. Fuld of Kay, Miller, Libbey, Kelly, Christie & Fuld, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

FITZGERALD, Justice.

Appellant, Joseph Eugene McClain, was brought to trial on an indictment charging him with the manufacture and sale of heroin.[1] In mid-trial his attorney advised the court that McClain, after considerable negotiation with the district attorney, desired to withdraw his pleas of not guilty and enter pleas of guilty to one count of manufacturing and one count of selling heroin. According to McClain's counsel, the state had agreed to dismiss all other counts of the indictment and other charges pending against McClain and to recommend four year sentences for each count of the indictment, the sentences to run concurrently. The disposition proposed by the defense was a lesser sentence or a deferred imposition of sentence accompanied with treatment for heroin addiction. The defense desired to waive a presentence investigation report and proceed to a sentencing hearing where evidence would be presented in McClain's behalf.

1. AS 17.10.010.

Appellant then entered pleas of guilty in accordance with the terms of the negotiated pleas. McClain testified at the presentence hearing. According to his testimony, he was 54 years of age and first became addicted to opiates or narcotics in 1943. Since then he has remained addicted except for a period of several years. He was institutionalized in 1968 for his addition at the Narcotic Addicts Rehabilitation Center, Fort Worth, Texas. He was unable to complete the program and subsequently entered a methadone program at the Langdon Psychiatric Clinic, Anchorage, Alaska. He discontinued the program, including methadone maintenance, considering the various treatments unsuccessful.

The appellant admitted convictions in 1958 for attempting to bribe a federal officer and possession of marijuana for which he apparently received a four year sentence. He was later convicted of having been a felon in possession of a firearm for which he received a two year sentence. ·

Dr. Joel Fort, a specialist in public health, drug abuse and related social and health programs, testified in McClain's behalf. He believed there are other more suitable alternatives to imprisonment for a heroin addict. He stated that heroin addiction should be considered a health problem rather than a criminal problem. In this connection he recommended treatment for McClain in a methadone maintenance program.

The trial judge started that he did not believe prison would provide rehabilitation for McClain but considered that a prison sentence would have a deterrent effect upon traffic in narcotics. He found that McClain was evasive in his testimony and his general demeanor indicated little amenability to rehabilitation either in an institutional or noninstitutional setting. He also found that McClain was a dealer in narcotics although not on a major scale. The judge

sentenced appellant to four years on each count of the indictment to which he had plead guilty and ordered that the sentences should run concurrently.

McClain now appeals from the sentences. He contends that since he is a heroin addict different standards should be applied which would require modification of the sentences. It is further argued that the sentence is unreasonable because it fails to include specific provisions for releasing McClain for treatment. Since sentencing, McClain has become a member of Family House which provides an intensive program of "addict helping addict" directed toward the rehabilitation of sentenced offenders who suffer from serious narcotic addiction.[2] We shall not further consider appellant's claim that the sentence is unreasonable on the grounds that it fails to provide for treatment.

■ Nor do we find the sentence unreasonable. The maximum sentence provided by law for each offense to which appellant plead guilty is ten years. His previous record includes convictions for attempting to bribe a federal officer, possession of dangerous drugs and felon in possession of a firearm. On two occasions he has been placed in treatment programs for the purpose of rehabilitating him and controlling his narcotic addiction. In neither case was the treatment successful.

In State v. Chaney, 477 P.2d 441, 444 (Alaska 1970), we enumerated a number of factors which should be considered by a trial judge at the time of sentencing:

. . . [R]ehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal con-

2. A member of the court and the administrative director of the Alaska Court System visited Family House and reviewed the program offered to its members. Appellant has been at Family House for seven months and is said to be making excellent progress.

duct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves. (footnote omitted)

■ The trial judge has discretion to determine the priority and relationship of these objectives in any particular case. Asitonia v. State, 508 P.2d 1023, 1026 (Alaska 1973). *See also* Gordon v. State, 501 P.2d 772, 777 (Alaska 1972). We are not presuaded that the court should apply different standards in sentencing heroin addicts. Hopefully in such cases careful consideration will be given to programs offering opportunities for treatment and rehabilitation.

In review of sentences imposed by a lower court, this court has formulated different standards of appellate review. The most common formulations are the clearly mistaken test [3] and the zone of reasonableness test.[4] Under the clearly mistaken test, the sentence will be modified only in those instances where the reviewing court is convinced that the sentencing court was clearly mistaken in imposing a particular sentence.[5] In the zone of reasonableness test, the reviewing court should determine whether the lower court imposed a sentence within the range of alternatives which comport with the *Chaney* guidelines.[6] Both tests require us to make an independent review of the record.[7]

Implementation of these two formulations reveals a similar analytical framework which accounts for their combined use in some cases.[8] Analytically, the clearly mistaken test implies a permissible range of reasonable sentences which a reviewing court, after an independent review of the record, will not modify. The zone of reasonableness merely describes that range of reasonable sentences which after an independent review of the record will not be modified by the reviewing court.

The type of analysis involved in both of these formulations should not be confused with the abuse of discretion test. In the abuse of discretion test the reviewing court will sustain the lower court's sentence merely if some of the evidence supports the sentencing court's determination. An independent examination of the entire record is not a part of this test. Because of the limited review inherent in the abuse of discretion test, this court in Galaktionoff v. State, 486 P.2d 919, 923 (Alaska 1971), rejected its application to sentence appeals.

■ In order to avoid the understandable confusion resulting from the use of two standards to describe the same analytical process in the area of sentence appeals, we

---

3. Avery v. State, 514 P.2d 637, 646 (Alaska 1973); Stevens v. State, 514 P.2d 3, 6 (Alaska 1973); Hughes v. State, 513 P.2d 1115, 1121–1122 (Alaska 1973) (also mentions a "reasoned basis" test); Johnson v. State, 511 P.2d 118, 126 (Alaska 1973); Asitonia v. State, 508 P.2d 1023, 1025 (Alaska 1973); Wright v. State, 501 P.2d 1360, 1373 (Alaska 1972); Tarnef v. State, 492 P.2d 109, 118 (Alaska 1971); Galaktionoff v. State, 486 P.2d 919, 923 (Alaska 1971); Waters v. State, 483 P.2d 199, 201 (Alaska 1971); Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971); Nicholas v. State, 477 P.2d 447, 449, 452 (Alaska 1970); State v. Chaney, 477 P.2d 441, 443–444 (Alaska 1970).

4. Crow v. State, 517 P.2d 756, 757 (Alaska 1973); Daygee v. State, 514 P.2d 1159, 1168 (Alaska 1973); Johnson v. State, 511 P.2d 118, 126 (Alaska 1973); Hixon v. State, 508 P.2d 526, 527 (Alaska 1973); Gullard v. State, 497 P.2d 93, 94 (Alaska 1972); Griggs v. State, 494 P.2d 795, 798 (Alaska 1972); Nickerson v. State, 492 P.2d 118, 122 (Alaska 1971); Robinson v. State, 492 P.2d 106, 107 (Alaska 1971); Meyers v. State, 488 P.2d 713, 715 (Alaska 1971); Peterson v. State, 487 P.2d 682, 683 (Alaska 1971); Waters v. State, 483 P.2d 199, 202 (Alaska 1971); Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971).

5. State v. Chaney, 477 P.2d 441, 443–444 (Alaska 1970).

6. Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971).

7. State v. Chaney, 477 P.2d 441, 443–444 (Alaska 1970); Waters v. State, 483 P.2d 199, 201–202 (Alaska 1971).

8. *See, e. g.*, Waters v. State, 483 P.2d 199, 201–202 (Alaska 1971).

now adopt the clearly mistaken test in the review of sentence appeals.

In the case before us, our independent review of the record convinces us that the sentencing court was not clearly mistaken in imposing a four year sentence on each count to run concurrently.

The appeal is dismissed.

CONNOR, J., not participating.