George HONEYCUTT, Appellant,

v.

STATE of Alaska, Appellee.

No. 3583.

Supreme Court of Alaska.

Oct. 6, 1978.

Ben J. Esch, Dickson, Evans, Esch & Papas, Anchorage, for appellant.

Valerie Leonard, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

4. Uniform Marriage & Divorce Act § 308(a)(1).

BURKE, Justice.

On April 25, 1977, appellant George Honeycutt entered a plea of guilty to a charge of robbery.[1] The superior court sentenced him to a ten-year term of imprisonment,[2] suspending the execution of a four-year portion of that sentence.[3] Thereafter, Honeycutt filed this appeal, contending that the sentence was excessive.[4]

Our own examination of the record fails to convince us that the court below was clearly mistaken in imposing the sanction it did. The crime, robbery, was premeditated and committed by the use of deadly force. There was injury to the victim, and the situation was one that involved great danger to innocent bystanders. Thus, our established standard of review requires that we affirm the judgment of that court. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

AFFIRMED.

1. Honeycutt, armed with a handgun, robbed a liquor store in downtown Anchorage. During the course of the robbery, the store owner, a 67-year old man, received injuries to his head and hands from the barrel of an unloaded shotgun that was already on the premises. Those injuries were sustained during a struggle that ensued after Honeycutt forced the store owner into a back room at gunpoint. According to the victim, Honeycutt struck him with the shotgun as he lay on the floor. Honeycutt's version of the incident was that the victim was accidentally struck as Honeycutt attempted to break the shotgun down to see if it was loaded. After grabbing some loose cash and an attache case containing approximately $3,500 in cash and $7,000 in checks, Honeycutt fled. As he made his escape, several shots were fired at him by the victim.

2. AS 11.15.240 provides:
   A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

3. AS 12.55.080 provides in part:
   Upon entering a judgment of conviction of a crime . . . a court . . . may suspend the . . . execution . . . of . . . a portion [of the sentence], and place the defendant on probation for a period and upon the terms and conditions as the court considers best.
   *See also* AS 12.55.090.

4. AS 12.55.120(a) provides in part:
   A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive.