Andrew DAYTON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3945.

Supreme Court of Alaska.

July 27, 1979.

Mary E. Greene, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

After a trial by jury in the superior court, Andrew Dayton, appellant, was adjudged guilty of one count of forgery [1] and four separate counts of obtaining money or property by false pretenses. [2] The court imposed a sentence of ten years, with five suspended, on the forgery conviction and concurrent five-year terms on the remaining counts. This appeal followed.

1. AS 11.25.020 provides:

   *Forgery of evidences of debt or uttering forged evidence of debt.* A person who, with intent to injure or defraud another (1) makes, alters, forges, or counterfeits a bank bill, promissory note, draft, check, or other evidence of debt issued by a person or by the federal government, the state, a state or territory of the United States, or another state, government, or country, or by a corporation, company, or person authorized by law to issue evidence of debt; or (2) knowingly utters, publishes, passes, or tenders in payment as true and genuine, a false, altered, forged, or counterfeited bill, note, draft, check, or other evidence of debt, or has in his possession that evidence of debt, with intent to utter or pass it as true and genuine, knowing it to be false, altered, forged, or counterfeited, is punishable by imprisonment in the penitentiary for not less than one year nor more than 20 years.

2. AS 11.20.360 provides:

   *Obtaining money or property by false pretenses.* A person who, by false pretenses or by a privy or false token, and with intent to defraud, obtains, or attempts to obtain money or property from another, or who obtains, or attempts to obtain, with intent to defraud, the signature of a person to a writing, the false making of which is a forgery, upon conviction, is punishable by imprisonment in the penitentiary for not less than one nor more than five years.

Dayton contends (1) that the trial court erred in failing to instruct the jury adequately concerning the need for caution in evaluating his identification by several eyewitnesses and (2) that his sentence is excessive.[3] We have concluded that neither of these contentions has merit and affirm the judgment of the court below.

## I

■ Dayton requested that the trial court instruct the jury as follows:

Where the prosecution has offered identification testimony, i. e., the testimony of an eyewitness that he saw the defendant commit the act charged, such testimony should be received with caution. An identification by a stranger is not as trustworthy as an identification by an acquaintance. Mistaken identification is not uncommon. The witness' opportunity to observe the perpetrator during the commission of the act charged is of great importance in determining the credibility of his identification. The testimony of the witness that he is positive of his identification may be considered by you, but does not relieve you of the duty to carefully consider his identification testimony and to reject it if you find that it is not reliable. Careful scrutiny of such testimony is especially important when, as in this case, it is the only testimony offered by the prosecution to connect the defendant with the act charged.

Over timely objection, the court gave the following instructions instead:

### Instruction No. 12

You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all evidence in the case. . . .

### Instruction No. 13

The burden is on the State to prove beyond a reasonable doubt that the defendant is the person who committed the offenses with which he is charged. You must be satisfied beyond a reasonable doubt of the accuracy of the identification of defendant as the person who committed the offenses before you may convict him. If, from the circumstances of the identification, you have a reasonable doubt whether defendant was the person who committed the offenses, you must give the defendant the benefit of that doubt and find him not guilty.

Dayton argues that the court's instructions were inadequate because his identification by five eyewitnesses was inherently untrustworthy and should have been viewed with more caution than the other testimony presented.

In *Buchanan v. State,* 561 P.2d 1197 (Alaska 1977), we rejected a similar argument:

Whether or not a particular instruction should be given is in the discretion of the trial court. In the circumstances of this case we have concluded that the superior court's failure to give the requested instruction was not error. The instruction given by the court embodied correct statements of the controlling law on the subject of identification.

*Id.* at 1207 (footnotes omitted). We reach the same conclusion in the case at bar.[4]

## II

■ Dayton's prior record includes convictions for defrauding an innkeeper, escape, assault and battery, obtaining money by false pretenses, forgery (four counts) and shoplifting. The probation officer preparing his presentence report characterized him as "the worst offender in his class and

---

3. AS 12.55.120(a) allows a defendant to appeal his sentence as excessive. *See also* Rule 21, Alaska R.App.P.

4. Dayton's efforts to distinguish *Buchanan* are not persuasive.

as a professional criminal." He further indicated that Dayton had performed poorly while on probation in the past and that his "prospects for rehabilitation appear slim." The trial court agreed, stating that it believed "that the probability of successful rehabilitation of Mr. Dayton, at least upon his past record, is none."

A careful review of the record leaves us unable to say that the superior court clearly erred in imposing the sanction that it did. For that reason, we affirm Dayton's sentence. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

AFFIRMED.