**Fred LARSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4227.**

Supreme Court of Alaska.

Aug. 17, 1979.

David C. Backstrom, Deputy Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

Fred Larson, appellant, was sentenced to a one-year term of imprisonment, following his conviction for misdemeanor "joyriding" in violation of AS 28.35.010.[1] In this appeal Larson claims that that sentence is excessive. *See* AS 12.55.120; Rule 21, Alaska R.App.P.; *State v. Chaney*, 477 P.2d 441 (Alaska 1970).

Larson appeared for sentencing before Superior Court Judge Gerald J. Van Hoomissen, on August 3, 1978. Among other things, the court was advised at that time that Larson had entered a plea of guilty and was awaiting sentence on another joyriding charge.[2] That offense, according to his attorney, was committed in 1977, prior to the offense for which he was before Judge Van Hoomissen. The court was further advised of Larson's extensive juvenile record, which includes several burglaries.[3]

Having carefully reviewed the record of the proceedings in the court below,[4] we are

1. AS 28.35.010 provides in part:
   (a) A person who drives, tows away, or takes a vehicle not his own without the consent of the owner, with intent temporarily to deprive the owner of possession of the vehicle, or a person who is a party or accessory to or an accomplice in the driving or unauthorized taking is guilty of a misdemeanor, and upon conviction is punishable by imprisonment for not less than 30 days nor more than one year, and by a fine of not less than $100 nor more than $1,000. Upon a conviction for a second or subsequent offense, the offender may be charged with a felony, and if so charged and convicted, is punishable by imprisonment for not more than three years, or by a fine of not more than $5,000. The court may, upon conviction of a second or subsequent violation of this section, suspend the offender's license to drive a motor vehicle for a period of not to exceed three years. The consent of the owner of a vehicle to its driving, towing away, or taking shall not be presumed or implied be-
   cause of the owner's consent on previous occasions to the driving, towing away or taking of the vehicle by the same or a different person.

2. Where, as here, an offender has been convicted and is awaiting sentence on two or more charges, we urge the trial courts, whenever practicable, to consolidate those matters for purposes of sentencing.

3. It now appears that Larson was convicted of yet another joyriding charge in 1974. This conviction, however, was not mentioned in the presentence report and, apparently, never came to the attention of Judge Van Hoomissen. It came to our attention when, without objection, a certified copy of the judgment was filed as an attachment to the state's brief.

4. In his brief Larson urges us to consider carefully the possibility of racial bias because he is, according to his own description, an "Alaska

unable to say that Judge Van Hoomissen was clearly mistaken in imposing the sanction that he did. Accordingly, the sentence is affirmed. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

AFFIRMED.

native." We have done as he asks and find nothing in the record to suggest that his sentence was influenced by any such bias on the part of the sentencing judge.