**Robert F. COCHRANE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4531.**

Supreme Court of Alaska.

May 9, 1980.

Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

William L. Mackey, Dist. Atty., Kodiak, Peter Michalski, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

Robert F. Cochrane was convicted by a jury of two counts of rape [1] and two counts of assault with a dangerous weapon.[2]  He

---

**1.** AS 11.15.120 provides:
  *Rape.*  A person who (1) has carnal knowledge of a female person, forcibly and against her will, or (2) being 16 years of age, carnally

knows and abuses a female person under 16 years of age, with her consent, is guilty of rape.
  (Repealed effective January 1, 1980 by ch. 166, § 21, SLA 1978).

**2.** AS 11.15.220 provides:
  *Assault with dangerous weapon.*  A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100.
  (Repealed effective January 1, 1980 by ch. 166, § 21, SLA 1978).

was given concurrent sentences of twelve years imprisonment for each count of rape and five years imprisonment for each count of assault.

On appeal, Cochrane makes several claims of error:

1. Trial court's exclusion of evidence regarding Mrs. Cochrane's extramarital relationship;

2. Trial court's exclusion of Mrs. Cochrane's testimony regarding Cochrane's expression of amazement upon learning of the rape charges;

3. Trial court's failure to order psychiatric examinations of the complaining witnesses;

4. Prosecutor's failure to present exculpatory evidence to the grand jury;

5. Evidence before grand jury was insufficient to sustain the indictment for assault with a dangerous weapon.

We believe that there is no merit to these claims and affirm Cochrane's conviction.

Cochrane additionally appeals his sentence on the ground that it is excessive. Our review of the record convinces us that the sentence is not clearly mistaken.[3] *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The judgment of the superior court is AFFIRMED.

---

**3.** The victims, two young women, were raped at gun point, threatened, and subjected to humiliating treatment by the defendant. In addition to the particular facts of this case, the trial court considered a psychiatric evaluation of the defendant, the sentencing criteria enunciated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), and numerous other rape cases and the sentences imposed therein.