Larry RAMIL, Appellant,

v.

STATE of Alaska, Appellee.

NO. 4944.

Supreme Court of Alaska.

Nov. 21, 1980.

---

James D. Oswald, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

William L. Mackey, Dist. Atty., Kodiak, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE, and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

PER CURIAM.

This is an appeal from a seven–year sentence for attempted murder.

Larry Ramil, a Filipino cannery worker, walked into a Kodiak saloon one afternoon in December, 1978, to use the telephone. He was intoxicated. Ramil evidently saw a patron's money lying on the bar and he picked it up and magnanimously ordered drinks on the house.

The other patrons—only two others were there at the time—were out of the room. One patron returned and was "kinda upset" at the turn of events. Ramil then pulled out some money of his own and ordered a drink, and was accommodated by the bartender. Ramil went over to the telephone, and when he finished with the phone he took his drink with him and walked out of the bar without paying.

The bartender jumped over the bar and followed Ramil outside, yelling, "What about the drink?" Ramil did not hear, apparently, and the bartender again asked him about the drink. Ramil, who was about fifteen feet away, turned around. He swore at the bartender and pulled out a snub–nosed .38 caliber pistol. Ramil fired two times, walked up to the bartender, shot two more times, and fired the fifth shot as the bartender ran into the bar, hitting him in the hand, neck, chest, torso and hip.

The bartender staggered back into the bar and called for assistance. Ramil walked off. He was arrested an hour later and ultimately pled guilty to attempted murder.

Hilario (Larry) Ramil was born in the Philippines in March, 1939. He came to the United States in 1969 and has worked as a migrant laborer, supporting a wife and two children who remain in the Philippines. He feels remorse over the fact that his family will lose his income, but sees his crime as an aberration caused by his drunken state and the fact that the bartender allegedly insulted him on that day. Ramil is an episodically excessive drinker who is experiencing depression as a result of his current predicament. He has no criminal record and is generally favorably regarded by acquaintances and co–workers.

This was clearly an extreme case within the category of attempted murder, and Ramil's conduct on this occasion must be taken to indicate a capacity for violence which his lack of prior offenses cannot entirely override. The trial judge determined that the seven–year term was necessary to isolate Ramil from society because of the dangerous propensity he had displayed and to deter him and others from carrying weapons while intoxicated and to deter assaultive behavior arising from petty disputes. The judgment contained a recommendation that Ramil be placed in a facility offering alcoholic and psychological counselling as an aid to rehabilitation.

The term imposed is not clearly mistaken,[1] and the sentence[2] is affirmed.

AFFIRMED.

BOOCHEVER, J., not participating.

---

1. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

2. Under the new criminal code, the presumptive sentence for a first-time felon who commits an attempted murder, using a firearm and causing serious physical injury during the commission of the offense, is six years. *See* AS 11.31.100(d)(1); AS 12.55.125(c)(1).

Under the law as it previously stood, Ramil might have been charged with shooting with intent to kill, which had a 20-year maximum, or with assault with intent to kill, which carried a 15-year maximum. *See* former AS 11.15.-150-.160.