Juan Camilo MONTOYA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1693.

Court of Appeals of Alaska.

Dec. 19, 1986.

Rex Lamont Butler, Anchorage, for appellant.

Russell S. Babcock, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Juan Montoya was convicted, based upon his plea of no contest, of two counts of misconduct involving a controlled substance in the third degree, former AS 11.-71.030(a)(1), a class B felony. Superior Court Judge S.J. Buckalew, Jr., sentenced Montoya to ten years on each count. Judge Buckalew imposed the sentences concurrently. Montoya appeals, arguing that his sentence is excessive. We reverse and order Montoya's sentence reduced to ten years with four years suspended.

Montoya was convicted for selling $1,000 dollars worth of cocaine to a police informant and for possessing one pound of cocaine with the intent to deliver that substance. At the time of his arrest, Montoya was carrying a semi-automatic 9 millimeter weapon. It appears from the facts of the case that Montoya was a large-scale commercial dealer who dealt in large quantities of cocaine.[1]

Montoya was only nineteen at the time of this offense. However, in 1985 he was indicted in the Federal District Court in Rhode Island for cocaine-related offenses. The indictment charged Montoya with selling ounce quantities of cocaine, possessing kilogram amounts for purposes of sale and with conspiring to possess cocaine for sale. Montoya fled from Rhode Island to Alaska

---

1. In *Lausterer v. State,* 693 P.2d 887, 891 (Alaska App.1985) we defined eight ounces or more of cocaine as being a large quantity.

and was convicted on the conspiracy and possession charges *in absentia.*

 This court will not alter a defendant's sentence unless it is clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). The cases of *Stuart v. State,* 698 P.2d 1218 (Alaska App.1985) and *Lausterer v. State,* 693 P.2d 887 (Alaska App.1985), are an appropriate starting point in deciding whether Montoya's sentence is clearly mistaken. Stuart and Lausterer were also convicted of dealing in large quantities of cocaine. 698 P.2d at 1220, 1223; 693 P.2d at 889. Montoya is a much younger offender than Lausterer. Unlike Stuart or Lausterer however, Montoya has prior drug-related charges and fled Rhode Island to avoid prosecution. Montoya was extremely uncooperative following his apprehension and lied to the authorities about his identity. Before his arrest, he apparently did little with his life other than becoming a major drug dealer. Judge Buckalew found that, even considering his young age, everything in Montoya's background indicated that he was a dangerous offender with very limited prospects for rehabilitation. This finding is supported by the record. By contrast, both Stuart and Lausterer had no prior records and had good work histories and excellent prospects for rehabilitation. 698 P.2d at 1224; 693 P.2d at 889. In *Lausterer,* this court affirmed a sentence of six years with two years suspended. *Id.* at 892. In *Stuart,* which we found was a similar case to *Lausterer,* we held that a sentence in excess of six years with two suspended was clearly mistaken. 698 P.2d at 1224.

 We see Montoya as being a more serious offender than Stuart or Lausterer even though the scale of Montoya's drug dealing appears to be similar to that of Stuart and Lausterer. In spite of his young age, Montoya's prospects for rehabilitation appear to be much worse than those of Stuart or Lausterer. In reaching this conclusion, we place a great deal of weight on the prior drug charges against Montoya, his flight from those charges, and his resumption of large-scale drug ac-

tivity in Alaska. However, even when we consider Montoya's limited prospects for rehabilitation, we do not believe that a sentence of ten years of actual imprisonment is justified. Montoya was sentenced as a first felony offender. Even as a second felony offender convicted of a class B felony he would face a presumptive sentence of only four years. As a third felony offender he would be subject to a presumptive term of six years. AS 12.55.125(d). However, if he were facing a presumptive term, Montoya would certainly be subject to at least one aggravating factor because his offense "involved large quantities of a controlled substance." AS 12.55.155(c)(25).

Considering all of these factors, we find Montoya's sentence should not exceed ten years with four suspended. This is a sentence well in excess of what Stuart and Lausterer received. The term of actual imprisonment of six years is equivalent to the six-year term for a third felony offender except that Montoya will be eligible for parole because his sentence is not presumptive.

REVERSED and REMANDED.