**Robert J. MILLS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4284.**

Court of Appeals of Alaska.

Oct. 16, 1992.

Gordon G. Goodman, Asst. Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for appellant.

Shannon D. Hanley, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Robert J. Mills entered a plea of no contest to, and was convicted of, one count of first-degree robbery, a class A felony. AS 11.41.500(a)(1), (b). As a first felony offender, Mills was subject to a presumptive term of five years for his crime. AS 12.55.-125(c)(1). Superior Court Judge Milton Souter found one aggravating factor and sentenced Mills to a term of seven years with two years suspended. Mills appeals, contending that the sentencing court erred in finding an aggravating factor applicable to the case. We affirm.

On the morning of April 15, 1991, Mills committed three armed robberies within a period of approximately one and one-half hours. Each robbery involved one victim. Mills was captured shortly after the last incident and was charged with a separate count of first-degree robbery for each offense. Thereafter, Mills entered a plea bargain with the state, agreeing to plead no contest to a single robbery in return for dismissal of the other counts. Under the terms of the agreement, however, Mills was to admit that he had committed the two robberies alleged in the dismissed counts, and the sentencing court would be allowed to consider all three robberies in imposing Mills's sentence.

Prior to sentencing, the state alleged that Mills was subject to the aggravating factor specified in AS 12.55.155(c)(9): that Mills "knew that the offense involved more than one victim." The state acknowledged that the robbery to which Mills had actually entered a plea of no contest involved only one victim, but it argued that the aggravating factor nevertheless applied, since Mills had agreed that the sentencing court could consider all of the robberies in imposing Mills's sentence.

Judge Souter adopted the state's position, finding, in relevant part:

AS 12.55.155(c)(9) appears to me to be satisfied clearly in spirit and I think it's certainly possible to read the letter of it in such a way that it applies here. The state could have charged, and in fact originally did, I believe, charge three separate robberies. The three separate robberies did indeed occur in three different establishments. And certainly and most clearly did involve three different victims, three different human victims, three different persons. And the defendant certainly knew that at the time these events unfolded. They've been lumped into one charge and I don't see that the situation conceptually is any different than if one robbery had occurred and in the course of it three different people had been menaced sequentially instead of simultaneously.

At a later point, when asked to reconsider this ruling, Judge Souter declined, making it clear that his finding of the aggravating factor hinged on Mills's plea bargain, which, in Judge Souter's view, contemplated that the three robberies would in effect be considered as a single offense:

Well, I think that is a fair reading of the agreement, and I'm going to—I'm going to adhere to my earlier decision.... I am going to stick to the original decision because I think it—it makes the most sense. Otherwise, frankly, it appears to me that I—that the original agreement that I could consider these other two robberies for sentencing purposes practically would mean nothing. And I emphasize the word, practically.

And I think the spirit of the aggravator portion of the statute is satisfied here, if not the exact letter.

Judge Souter relied on this factor to sentence Mills to an adjusted presumptive term of seven years with two years suspended.

On appeal, Mills claims that, since three separate robberies occurred, each involving one victim, and since he was actually convicted of only one of these robberies, which involved only a single victim, Judge Souter necessarily erred in concluding, for purposes of applying AS 12.55.155(c)(9), that his offense involved more than one victim.

Mills bases his argument on a literal interpretation of AS 12.55.155(c)(9), which focuses on the number of victims involved in a given "offense." As Mills correctly observes, he was, strictly speaking, convicted of only one discrete offense—one specific act of first degree robbery. Judge Souter, however, was not required to apply AS 12.55.155(c)(9) in the abstract. As the passages quoted above plainly demonstrate, the judge's finding of the disputed aggravating factor was based on his interpretation of the plea agreement Mills reached with the state. Judge Souter concluded that, as part of the negotiated disposition, Mills had agreed to allow the sentencing court to consider the three robberies he committed on April 15, 1991, as being in effect a single criminal episode for sentencing purposes.

Mills has not claimed, as a point on appeal, that Judge Souter misinterpreted the plea agreement, and there is nothing in the record indicating that Judge Souter's understanding of the agreement was mistaken. Indeed, Mills has failed to include in the appellate record a transcript of the change of plea hearing or any other information bearing on the original intent of the plea negotiations. Mills has likewise failed to claim that he entered his plea in detrimental reliance on a promise that the two dismissed robbery counts would be considered only for general sentencing purposes, and not for purposes of determining aggravating factors. Cf. Schnecker v. State, 739 P.2d 1310, 1312–13 (Alaska App.1987); Fee v. State, 656 P.2d 1202, 1205 (Alaska App. 1982).

Under these circumstances, we find no basis for questioning Judge Souter's factual determination that Mills's plea agreement was intended to allow the sentencing court to consider all three of the robberies as a single criminal episode.

■■■ Of course, no plea bargain can empower the sentencing court to ignore the law. More particularly, the parties to a plea agreement have no authority to enter into stipulations that would require the sentencing court to disregard mandatory aspects of Alaska's presumptive sentencing statutes. See Kelly v. State, 663 P.2d 967 (Alaska App.1983). And if the sentencing court's finding of an aggravating factor in this case were based on a stipulation that had no legal or factual foundation, that finding would be problematic, despite the parties' willingness to stipulate. See Hartley v. State, 653 P.2d 1052 (Alaska App. 1982).

■■ Here, however, Mills's plea agreement authorized the court, for purposes of imposing a sentence, to broaden its consideration from the specific criminal act for which Mills was convicted to the totality of Mills's criminal misconduct on the morning of April 15, 1991. Because Mills's criminal acts were closely related in time and circumstance—involving similar conduct occurring in a span of approximately one and one-half hours—the parties' agreement to treat these acts as a single course of criminal conduct for sentencing purposes was plausible as a factual matter, and, with regard to the disputed aggravating factor, called upon the court to take an approach that was at least arguably permissible as a matter of law. As Judge Souter stated, in view of the plea agreement, the finding that Mills knew his offense involved more than one victim was certainly within the spirit, and possibly within the letter, of AS 12.55.155(c)(9).

On these facts, and given Mills's plea bargain, we conclude that the sentencing court did not err in viewing the three rob-

beries as a single criminal episode for purposes of determining that Mills's offense involved more than one victim. Mills has asserted no other ground for concluding that his sentence is excessive. Having independently reviewed the entire sentencing record, we cannot say that the sentence imposed below was clearly mistaken.

*McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.