**Michael BOERMA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4349.**

Court of Appeals of Alaska.

Dec. 24, 1992.

Paul Canarsky, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Karla Taylor–Welch, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J. and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Michael Boerma raped a six-year-old girl. He was subsequently charged with, and pled no contest to, one count of sexual abuse of a minor in the first degree. AS 11.41.434(a)(1). The offense, an unclassified felony, subjected Boerma, a first felony offender, to a maximum term of thirty years and a presumptive term of eight years. AS 11.41.434(b); AS 12.55.125(i)(1).

Superior Court Judge Mary E. Greene found two aggravating factors and no mitigating factors applicable to Boerma's case. After rejecting Boerma's request for referral to the three-judge panel, *see* AS 12.55.-165, Judge Greene sentenced Boerma to a term of nine years, with one year suspended. Boerma appeals, contending that Judge Greene erred in failing to refer his case to the three-judge panel. We affirm.

At the time of this offense, Boerma was twenty-two years of age, a member of the military, and married. He was a high school graduate and had no prior criminal record. After being arrested, Boerma acknowledged that he had also sexually abused his five-year-old stepdaughter. Boerma further revealed that, as a child, he had been sexually abused over a prolonged period of time by an uncle. This history of abuse apparently contributed to Boerma's involvement in the current offense. Prior to being sentenced, Boerma presented evidence indicating that situational stress relating to his wife's health may also have played a role in his misconduct.

A psychiatric report prepared for sentencing purposes indicates that Boerma has no history of aberrant behavior and suffers from no major psychiatric disorder. According to the report, Boerma recognizes the wrongfulness of his acts, expresses genuine remorse, shows openness in discussing his misconduct, and is highly motivated to engage in treatment. Based on these traits, the report concludes that, although Boerma does not have extraordinary potential for rehabilitation, "he clearly does appear to have a much better prognosis than the majority of sexual offenders."

Prior to sentencing, Boerma sought to have the sentencing court refer his case to

the three-judge sentencing panel for imposition of a mitigated sentence. Boerma alleged that his unusually good prospects for rehabilitation constituted an unspecified mitigating factor warranting referral to the panel pursuant to *Smith v. State*, 711 P.2d 561 (Alaska App.1985). While acknowledging Boerma's favorable background and his strong desire to change, and while expressing a willingness to make allowances for these positive traits in fashioning Boerma's overall sentence, Judge Greene concluded that Boerma had failed to prove by clear and convincing evidence that his ultimate chances for rehabilitation were exceptionally good. The judge thus declined to refer Boerma's case to the three-judge panel.

On appeal, Boerma asserts that Judge Greene's view of the unspecified mitigating factor we recognized in *Smith v. State* is unduly narrow. Emphasizing his good background, positive attitude, and youthfulness, as well as the psychiatric report's conclusion that he has "a much better prognosis than a majority of sexual offenders," Boerma insists that Judge Greene should have referred his case to the three-judge panel.

■ To prove the existence of the nonstatutory factor he proposed, however, Boerma was required to do more than show that his prospects for rehabilitation were above average for a sexual offender. In *Kirby v. State*, 748 P.2d 757, 766 (Alaska App.1988), we emphasized that referral to the three-judge panel based on unusually favorable prospects for rehabilitation will be justified only when the accused presents clear and convincing proof that rehabilitation will actually occur. Under *Kirby*, the defendant's proof must enable the sentencing court to find, first, that it understands the problems that led the defendant to en-

gage in criminal misconduct, and second, that those problems are either readily correctable or are unlikely to recur:

A person has an unusually good potential for rehabilitation if the court is satisfied, after reviewing the totality of the circumstances, that he or she can adequately be treated in the community and need not be incarcerated for the full presumptive term in order to prevent future criminal activity....

We recognize that no one can predict, with certainty, whether an individual will or will not commit future criminal activity. The most the court can do is evaluate the totality of the circumstances and attempt to determine why the particular criminal committed the crimes. The court predicts rehabilitation, with any degree of satisfaction, only when it is reasonably satisfied that it knows why a particular crime was committed. The court can be satisfied that the conditions leading to the criminal act will not reoccur, if the factors which led the defendant to crime are correctable or if the criminal act or acts resulted from unusual environmental stresses unlikely to ever reoccur.

*Id.*[1]

■ In the present case, Judge Greene's sentencing remarks establish that the judge understood and scrupulously applied the standard we articulated in *Kirby*. Although Judge Greene believed that the information available to her provided insight into the problems that led Boerma to commit his offense, the judge was unable to predict with confidence that Boerma could readily correct those problems or, alternatively, that the problems arose solely from situational stresses and were therefore unlikely to ever recur. Our review of the sentencing record convinces us that Judge

---

1. To the same effect, we recently said in *Lepley v. State*, 807 P.2d 1095 (Alaska App.1991):

[A] prediction of successful treatment and non-recidivism should only be made when the sentencing court is reasonably satisfied both that it knows why a particular crime was committed and that the conditions leading to

the criminal act will not recur—either because the factors that led the defendant to commit the crime are readily correctable or because the defendant's criminal conduct resulted from unusual environmental stresses unlikely ever to recur.

*Id.* at 1100.

Greene's findings, and her consequent decision to reject Boerma's proposed nonstatutory mitigating factor, are not clearly erroneous. *See Lepley v. State*, 807 P.2d 1095, 1099–1100 (Alaska App.1991) (upholding sentencing court's rejection of the same proposed mitigating factors under highly similar circumstances).

Having independently reviewed the entire sentencing record, we further conclude that the sentence imposed below is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.