Christian C. McGEE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8452.

Court of Appeals of Alaska.

July 30, 2004.

Colleen A. Libbey, Libbey Law Office, Anchorage, for the Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Christian C. McGee appeals his conviction for third-degree criminal mischief (damaging someone else's property in an amount of $500 or more).[1] McGee contends that this charge should have been dismissed with prejudice because he was not brought to trial within the time limits of Alaska Criminal Rule 45 (our speedy trial rule). McGee further contends that his trial judge committed error by refusing to instruct the jury on the defense of self-defense.

In addition, McGee challenges his sentence—both on the ground that it is excessive and on the ground that the judge made erroneous rulings on four proposed mitigating factors.

For the reasons explained here, we affirm McGee's conviction and his sentence.

*McGee's proposed defense of self-defense*

On the evening of October 27–28, 2001, McGee's mother, Donna McGee, went to the Elks Lodge to socialize. There she met Wesley Alexander. Ms. McGee brought Alexander home to her trailer, where the two of them engaged in sexual relations.

Around two o'clock that morning, McGee came to the trailer and pounded on the door. Once inside the trailer, McGee punched his mother in the face and called her a whore. Then McGee and Alexander began fighting. According to both Alexander's and McGee's testimony, Alexander had McGee in a headlock, but McGee was able to slip loose and leave the trailer.

McGee testified that, as he was leaving the trailer, Alexander (who was still naked, according to McGee) told McGee that he was "going to run [his] punk ass over". Alexander then remained in the trailer and telephoned the police. While Alexander was doing this, McGee went outside to where Alexander's truck was parked. McGee circled the vehicle and, using a shovel, proceeded to break all of the truck's windows one by one. McGee claimed that he did this in order to prevent Alexander from using the truck to run him over. The State claimed that McGee did this because he was angry at his mother and at Alexander.

McGee's attorney asked the trial judge, District Court Judge Joel H. Bolger (sitting *pro tempore* in the superior court), to in-

1. AS 11.46.482(a)(1).

struct the jury that McGee's destruction of the truck windows was potentially justifiable as an act of self-defense under AS 11.81.330(a) ("use of non-deadly force in defense of self"). But Judge Bolger concluded that McGee had not presented a prima facie case of self-defense with respect to this charge. The judge suggested that McGee may not have met the requirement of reasonably fearing imminent danger. However, the judge ultimately ruled that, because the self-defense statute refers to the use of force "upon another" (*i.e.*, upon a person), it would be improper to instruct the jury on self-defense with regard to the criminal mischief charge.

McGee was also being tried on charges of assault for hitting his mother and for hitting Alexander. Judge Bolger instructed the jury on self-defense with respect to the assault charge involving Alexander. The jury acquitted McGee of the assault charge involving Alexander, and they were unable to reach a verdict with regard to the assault charge involving McGee's mother. That latter charge was ultimately dismissed.

Even though Judge Bolger refused to instruct the jury that McGee's act of breaking the truck windows was potentially justifiable as self-defense, the judge did instruct the jury that McGee's actions were potentially justifiable under the defense of necessity, AS 11.81.320(a). McGee argued this theory to the jury (unsuccessfully).

■ On appeal, McGee contends that the trial judge should have instructed the jury on self-defense with regard to the criminal mischief charge. McGee's first hurdle is that the self-defense statute, AS 11.81.330(a), apparently only applies when a defendant uses force against another person, not when a defendant uses force against an object. The statute reads (with emphasis added):

> A person may use nondeadly force *upon another* when and to the extent [that] the person reasonably believes [that this use of force] is necessary for self defense against what the person reasonably believes to be the use of unlawful force by the other[.]

A few cases from other jurisdictions have been willing to recognize self-defense as a potential justification for non-assaultive crimes (*e.g.*, theft of a car to escape an imminent assault, or damage to property that results from the defendant's use of defensive force upon a person), but the traditional view is that "necessity" is the applicable theory of defense in such circumstances. *See* Wayne R. LaFave, *Substantive Criminal Law* (2nd ed.2003), § 10.4(a), Vol. 2, p. 143, n. 2.

We leave resolution of this issue for another day—because we conclude that, even if self-defense is a potential defense to a charge of criminal mischief, the evidence in McGee's case failed to establish any reason to believe that McGee faced an imminent threat of injury.

A self-defense instruction is proper if there is some evidence to support a finding in the defendant's favor on each element of self-defense.[2] One of the elements of self-defense is that the defendant reasonably perceived a threat of *imminent* injury.[3]

Here, even when we view the evidence in the light most favorable to McGee's request for a self-defense instruction, McGee could not reasonably have believed that he faced imminent attack. According to McGee, Alexander threatened to run him over with his truck. But Alexander had no obvious means of carrying out this threat unless and until he left the trailer and got into his vehicle. And there was no evidence that Alexander made any move to leave the trailer, or that Alexander did anything else to put this purported threat in motion. (Instead, it was McGee who left the trailer, went to the truck, and then proceeded to break the windows one by one.)

On this record, the trial judge did not commit error when he declined to instruct the jury on self-defense with regard to the charge of criminal mischief.

*McGee's speedy trial claim*

■ McGee's trial was delayed several times because the State had trouble locating

---

**2.** *Ha v. State,* 892 P.2d 184, 190 (Alaska App. 1995).

**3.** *Id.* at 190–91.

Alexander and procuring his presence. McGee's attorney objected to some of these continuances, arguing that the extra time should count against the State under Alaska's speedy trial rule, Criminal Rule 45. But when the judge refused to count the time against the State, McGee went along with the continuances. He never filed a motion to dismiss the charges against him under Rule 45.

Now, on appeal, McGee challenges the trial court's rulings on these continuances. He argues that the time should have been counted against the State, and that therefore the time for holding his trial expired before his trial began.

But McGee's failure to ask the trial court to dismiss the charges is fatal to his claim on appeal. Criminal Rule 45(f) states that the "[f]ailure of a defendant represented by counsel to move for dismissal of the charges under [this rule] prior to [the defendant's] plea of guilty or [the defendant's] trial shall constitute [a] waiver of the defendant's rights under this rule."

Because McGee went to trial and never sought dismissal of the charges under Rule 45, he is not entitled to seek dismissal of those charges now.

### McGee's sentencing arguments

McGee was a second felony offender for presumptive sentencing purposes. He had been convicted of second-degree assault in 2000. In that prior offense, McGee and four other men beat up and robbed a hitchhiker that they had picked up on the way from Valdez to the Talkeetna Bluegrass Festival. At the end of the robbery, the hitchhiker was thrown down a steep embankment near the highway.

As a second felony offender, McGee faced a 2–year presumptive term for the class C felony of third-degree criminal mischief.[4] Judge Bolger found that the State had proved one aggravating factor: AS 12.55.155(c)(20)—that McGee was on felony probation at the time he committed the current offense. Based on this aggravating fac-

tor, Judge Bolger increased McGee's presumptive term by 6 months; he sentenced McGee to 2½ years' imprisonment.

McGee proposed four different mitigating factors under AS 12.55.155(d) at his sentencing, and Judge Bolger rejected each of these mitigators. On appeal, McGee argues that Judge Bolger was mistaken in these rulings. To prevail on appeal, McGee must show that the judge's rulings were clearly erroneous.[5]

McGee proposed mitigator (d)(3)—that he "committed the offense under some degree of duress, coercion, threat, or compulsion ... which significantly affected [his] conduct". McGee argued that his destruction of the truck windows was provoked by Alexander's threat to run him over.

However, Judge Bolger rejected this assertion about McGee's motivation for committing the crime. Based on the evidence presented at McGee's trial, Judge Bolger concluded that McGee broke the windows of Alexander's truck because he was enraged at Alexander for having sexual relations with his mother. This conclusion finds support in the record. For this reason, Judge Bolger's rejection of the proposed mitigating factor was not clearly erroneous.

McGee also proposed mitigating factor (d)(7), which required proof that his conduct was provoked by Alexander. However, as we have just explained, Judge Bolger found that McGee's conduct was motivated by his anger at discovering that Alexander had slept with his mother. Alexander's act of sexual relations with McGee's mother was not "provocation" within the meaning of mitigator (d)(7) because this conduct was not directed at McGee. As we explained in *Roark v. State,* 758 P.2d 644 (Alaska App. 1988),

> In common usage, "to provoke" means: "1. to excite to some action or feeling 2. to anger, irritate, or annoy 3. to stir up (action or feeling) 4. to call forth; evoke." *Webster's New World Dictionary* (2nd College ed.1980). This definition plainly sug-

---

4. AS 12.55.125(e)(1).

5. *See Lepley v. State,* 807 P.2d 1095, 1099 n. 1 (Alaska App.1991).

gests something more direct and purposive than a mere causal link between the person who provokes a response and the action or feeling that is provoked. When the victim directs actions or words at the defendant for the express purpose of eliciting a response, it is clear that the defendant may be said to have been "provoked". When the victim's conduct is neither directed at the defendant nor intended to influence the defendant's actions or emotions, however, the mere fact that it has the incidental effect of prompting the defendant to react, thereby contributing in a causal sense to the commission of the crime, would not in itself justify a finding of provocation.

*Id.* at 647.

■ McGee proposed mitigator (d)(4), which applies when "the conduct of a youthful defendant was substantially influenced by another person more mature than the defendant". McGee argued that he had been provoked to commit his crime by the actions of his mother (to wit, her decision to engage in sexual relations with Alexander). But mitigator (d)(4) applies to situations in which a more mature person solicits or otherwise prevails on a youthful, less mature defendant to engage in criminal behavior. This mitigator does not apply to the facts of McGee's case.

■ Finally, McGee proposed mitigator (d)(9)—that his conduct was among the least serious included within the definition of third-degree criminal mischief. McGee argued that his destruction of the truck windows was a spur-of-the-moment reaction to a disturbing situation, and he also pointed out that the value of the destroyed property (approximately $2100) was at the lower end

of the range for his offense ($500 to $100,000).

Judge Bolger acknowledged that the amount of damage was toward the lower end of the statutory range, but he also concluded that McGee had acted intentionally, angered when he discovered that his mother was sleeping with a man whom he did not know. The judge found that McGee had not shown, by clear and convincing evidence, that this conduct was among the least serious within the definition of the offense. We conclude that the judge's finding is not clearly erroneous.

■ McGee's final argument on appeal is that Judge Bolger was clearly mistaken in increasing McGee's time to serve from the presumptive term of 2 years' imprisonment to an enhanced term of 2½ years' imprisonment. Judge Bolger imposed this additional 6 months based on the aggravating factor that McGee was on felony probation at the time of this offense, and based on the serious nature of McGee's prior felony assault conviction. Having independently reviewed the record, we conclude that Judge Bolger was not clearly mistaken in adding six months to McGee's presumptive term.[6]

*Conclusion*

The judgement of the district court is AFFIRMED.

---

**6.** *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).