**Eugene F. BOTTCHER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10660.**

Court of Appeals of Alaska.

Sept. 2, 2011.

Dave Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Scott Mattern, Assistant District Attorney, J. Michael Gray, District Attorney, Fairbanks, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

---

## OPINION

COATS, Chief Judge.

Eugene F. Bottcher entered a plea of no contest to manslaughter, assault in the third degree, and failure to render assistance to an injured person after an accident.[1] Superior Court Judge Douglas L. Blankenship sentenced Bottcher to a composite sentence of twenty-three years with three years suspended. In addition, Judge Blankenship revoked Bottcher's driver's license for life. Bottcher appeals, arguing that his sentence is excessive. We affirm.

### Factual and procedural background

We previously considered Bottcher's sentence in an unpublished decision.[2] In that decision, we set out the facts of the case as follows:

> On May 23, 2005, outside of Fairbanks, Bottcher drove his vehicle off Goldstream Road and crashed into 13–year–old Saul Stutz, who was on his bicycle waiting to cross at an intersection. Stutz was mortally injured. In addition, Bottcher nearly hit Stutz's nine-year-old brother who was nearby. Bottcher drove away without stopping.
>
> Stutz was taken to Fairbanks Memorial Hospital and then transferred to Anchorage. He died about a day later.
>
> When the State later obtained a breath test from Bottcher, he had a blood alcohol level of .237. Witnesses who saw Bottcher drinking heavily at local bars before the crash confirmed that Bottcher was intoxicated.
>
> Dale Pomraning was driving in the other direction at the scene of the crash and saw Bottcher leave the scene after he ran down Stutz. Pomraning stopped briefly to check on the boys, and then he chased after Bottcher, driving "flat out." Eventually he caught up to Bottcher, who was behind two other vehicles. Pomraning passed Bottcher, pulled in front of him, and eventually stopped him by gradually slowing down. Pomraning then confronted Bottcher, telling Bottcher that he had run down a boy and insisting that Bottcher return to the scene. Bottcher agreed to return, but he again drove further away from the scene.
>
> Once again, Pomraning gave chase, and followed Bottcher for several miles to Bottcher's home. When Pomraning again confronted Bottcher, Bottcher offered a wad of cash to Pomraning, twice telling Pomraning, "Aw, forget it." Bottcher admitted he was drunk, and went inside his home.
>
> Pomraning blocked Bottcher's vehicle with his own, walked to a nearby house, and contacted the state troopers. The troopers arrived shortly thereafter and arrested Bottcher.
>
> Bottcher had no prior convictions for driving under the influence but had a 40–year history of alcohol dependence. He admitted that he routinely drove when he was intoxicated.
>
> The grand jury indicted Bottcher for failing to render assistance to an injured person after an accident, manslaughter, third-degree assault, and interference with official proceedings.
>
> The parties reached a plea agreement. Bottcher agreed to plead no contest to failure to render assistance, manslaughter, and third-degree assault, and the State agreed to dismiss the charge of interference with official proceedings and a misdemeanor charge of driving under the influence. There was no agreement regarding the sentence.[3]

The original sentencing was conducted by Superior Court Judge Charles Pengilly. In sentencing Bottcher, Judge Pengilly found that Bottcher had acted with extreme indifference to the value of Stutz's life and that Bottcher was a worst offender who deserved

---

1. AS 11.41.120(a)(1), AS 11.41.220(a)(1)(A), and AS 28.35.060(c), respectively.

2. *Bottcher v. State*, Alaska App. Memorandum Opinion and Judgment No. 5435, 2009 WL 226010 (Jan. 28, 2009).

3. *Id.* at *1 (citations omitted).

the maximum sentence.[4] He imposed a composite sentence of thirty-five years with fifteen years suspended, twenty years to serve.

Bottcher appealed his sentence. On appeal, the State conceded that Judge Pengilly had imposed an illegal sentence because he had imposed a sentence that would have been authorized only if the court had found aggravating factors. Judge Pengilly had not found any aggravating factors.[5]

We remanded the case to the superior court. Judge Pengilly had retired, so the case was assigned to Superior Court Judge Mark I. Wood. Judge Wood modified Bottcher's sentence by eliminating the suspended time for manslaughter and assault in the third degree, which had been illegally imposed. Other than that, he left Bottcher's sentence unchanged. Bottcher's composite sentence was thus twenty-three years with three years suspended.

On appeal, we pointed out that Bottcher's sentence exceeded the sentences that this court had previously approved for motor vehicle manslaughter.[6] We recognized that most of those reported cases were decided before the legislature amended the sentencing law to increase the presumptive sentencing range for a first felony offender convicted of manslaughter from five years to a sentencing range of seven to eleven years. But we concluded that the superior court had not sufficiently justified Bottcher's sentence in light of our prior cases.[7] We remanded the case for reconsideration.[8]

The case was assigned to Superior Court Judge Douglas L. Blankenship. In sentencing Bottcher, Judge Blankenship first observed that motor vehicle manslaughter caused by driving under the influence of alcohol occurred with alarming frequency and had tragic consequences. He concluded that the sentencing court needed to send a strong message that this conduct would not be tolerated and would be severely punished.

Judge Blankenship found that Bottcher had a long history of alcohol dependence that dated back to Bottcher's adolescence. During his lifetime, Bottcher had failed to gain control of his alcohol dependence. Judge Blankenship observed that, at the time of the offense, Bottcher had an extremely high blood alcohol level, .237 percent. In spite of this extreme impairment, Bottcher chose to drive. As a result, Botcher struck Saul Stutz and narrowly missed Gabriel Stutz. Judge Blankenship found that the evidence showed that Bottcher was aware that he struck a child, and yet he left the scene. A short time later, Bottcher was twice confronted by Dale Pomraning, who attempted to get him to return to the scene. Instead, Bottcher offered money to Pomraning and went inside his home. Judge Blankenship concluded that Bottcher's actions demonstrated extreme indifference to the value of Saul Stutz's life. He pointed out that Judge Pengilly had reached the same conclusion.[9] Judge Blankenship also considered the sentence in light of our prior case law.

Judge Blankenship concluded that these findings justified imposing a term of eleven years of imprisonment for manslaughter, the top of the presumptive range. He then considered the charge of assault in the third degree: the assault on Gabriel Stutz. He observed that the sentencing range was zero to two years. He observed that Bottcher narrowly missed Gabriel, and Gabriel "saw his brother either get hit or shortly after saw the results of [Bottcher's] actions." He concluded that this justified a sentence of two years of imprisonment, the top of the presumptive range.

Judge Blankenship then turned to the offense of failure to render assistance to an injured person after an accident. Judge Blankenship observed that this offense is a non-classified felony with a maximum term of ten years of imprisonment. He analogized the offense to a class B felony, which also has a maximum term of ten years of imprison-

---

4. *Id.* at *2.

5. *Id.*

6. *Id.* at *4.

7. *Id.* at *5.

8. *Id.* at *6.

9. *Id.* at *2.

ment. He observed that, if failure to render assistance was a class B felony, Bottcher would be subject to a presumptive range of one to three years. But Judge Blankenship concluded that striking a thirteen-year-old boy and leaving him to die constituted an exceptional circumstance and was the most serious conduct included in the definition of the offense.[10] He imposed a sentence of ten years with three years suspended. Judge Blankenship imposed all of these sentences consecutively to each other, resulting in a term of imprisonment of twenty-three years with three years suspended (the same term Judge Wood had imposed).

Judge Blankenship also revoked Bottcher's license for life.[11] In imposing the lifetime license revocation, he considered Bottcher's life-long alcohol dependence and the circumstances of his current offenses. He concluded that Bottcher was a danger to the public when he was driving and that Bottcher's history of alcohol dependence established that there was a substantial risk that he would continue to be a danger after he was released.

We conclude that the sentence Judge Blankenship imposed was not clearly mistaken.[12] We recognize that the sentence is at the top of the range of sentences that have previously been imposed for vehicular homicides.[13] But we conclude that Judge Blankenship's findings are supported by the record and support the severe sentence that he imposed. Bottcher was highly intoxicated and yet chose to drive. He struck Saul Stutz and narrowly missed Gabriel Stutz. In spite of the fact that he knew he struck Saul, a young boy of thirteen, Bottcher fled from the scene, leaving Saul to die. In spite of being aggressively pursued by Pomraning, who demanded that Bottcher return to the scene, Bottcher refused to return, offered Pomraning money, and retreated to his residence. Judge Blankenship could properly determine that the extreme facts surrounding this incident justified the sentence he imposed.

10. *See* AS 12.55.155(c)(10).

11. *See* AS 28.15.181.

12. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

In revoking Bottcher's driver's license, Judge Blankenship recognized that a lifetime revocation is the kind of punishment reserved for offenders "whose records demonstrate that they never should be allowed to drive a motor vehicle again."[14] He considered Bottcher's long history of alcohol dependence and the seriousness of Bottcher's current offenses in deciding that a lifetime revocation was necessary to protect the public. We conclude that Judge Blankenship's decision was not clearly mistaken.

*Conclusion*

The judgment of the superior court is AFFIRMED.

13. *See Bottcher,* 2009 WL 226010 at *4–5.

14. *Fine v. State,* 22 P.3d 20, 24 (Alaska App. 2001).