Richard E. PENDLETON and wife, Dale Pendleton, and Bobby Dale Pendleton, Plaintiffs-Appellants

v.

Gayle Burnett EVETTS, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 31, 1981.

Certiorari Denied by Supreme Court Feb. 2, 1981.

Robert N. Skinner, Nashville, for plaintiffs-appellants.

John M. Baird, Ortale, Kelley, Herbert & Crawford, Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

In this action for damages arising out of an automobile accident the plaintiffs-appellants seek a reversal of the judgment of the trial court entered after a jury verdict for the defendant.

On a cold, snowy, morning in January of 1977, two of the plaintiffs stopped at a red light on State Highway 45 at its intersection with Myatt Drive in Davidson County, Tennessee when their car was struck from behind by a car driven by the defendant. That much is certain from the record, the rest of the facts are disputed. On submission to the jury, the facts were resolved in favor of the defendant and the Trial Judge entered a judgment dismissing the case.

On questions of fact, the verdict of the jury is almost conclusive and the trial court should be affirmed unless there was some error in the trial which affected the verdict or there is no evidence to support the verdict. This well established rule of law in this State was reiterated in the recent case of *Truan v. Smith*, 578 S.W.2d 73 (Tenn.1979) where our Supreme Court said:

> "In reviewing a case where the judgment is based on the jury's verdict, we do not weigh the evidence to determine the preponderance thereof, nor do we decide the credibility of witnesses . . . Our review is limited to a determination of whether there is any material evidence to support the verdict . . ." [578 S.W.2d 73, at 74]

Since the jury resolved the facts in favor of the defendant, the plaintiffs complain of the charge of the Trial Judge on the doctrine of sudden emergency. The proof offered by the defendant showed that as she approached the scene of the accident she began to slow her automobile while she was still approximately one hundred yards away. It had been snowing during the week before and was spitting snow that morning. As she got closer to the intersection she encountered patches of ice on the street. When she was a few car lengths away from the intersection, her car began to slide on the ice and bumped gently into the plaintiffs' automobile.

The plaintiffs' version of the severity of the impact differs from the defendants' but we are of the opinion that it was not error to charge the jury on the doctrine of sudden emergency with this proof in the record. Even on an ice-covered road, a patch of especially slick ice may present a sudden emergency.

The plaintiffs also assert that it was error for the Trial Judge to charge the jury on the Statute of Limitations. On this question the plaintiffs said the accident happened on the 20th day of January; the

defendant said it occurred on the 13th day of January; both sides offered other proof in support of their version of the critical date. Because the action was not brought by the plaintiffs until the 19th day of January, 1978, the Trial Judge charged the jury, in substance, that if they found that the accident happened on the 13th, they should find for the defendant because the action would be barred by the Statute of Limitations.

On disputed issues of fact such as this, the Trial Judge is not only justified but is required to charge the jury on the relevant law. To resolve this dispute of fact is uniquely within the province of the jury. We are of the opinion therefore that there was no error in charging the jury on the Statute of Limitations.

The final contention argued by the plaintiffs on appeal is that the Trial Judge committed reversible error by admonishing plaintiffs' counsel during his closing argument not to address the jurors by name. During his closing argument plaintiffs' counsel was attempting to show how the defendant's recollection was dimmed by the two and one-half years that had passed since the accident. The record shows that the following took place:

(Argument by plaintiffs' counsel)

"Where were you two and a half years ago, Mr. Peach, at 7:30 in the morning? Mr. . . .

THE COURT: Excuse me, Mr. Skinner. It is unethical to appeal to a particular juror, to address a particular juror, during the argument and I instruct you not to do that. Argue to the whole jury and not to any one."

Our decisions and the great weight of authority elsewhere indicate that it is improper to address a juror individually or by name during argument. See *Scarbrough v. City of Lewisburg*, 504 S.W.2d 377 (Tenn. App.1973). The same authorities suggest that the Trial Judge should take a hand in stopping the practice. In this case we think that the Trial Judge acted properly and his statement made in the record would not prejudice the jury against the plaintiffs.

Although it was not argued on appeal, the plaintiffs' brief makes an issue of the propriety of allowing questions to be put to the plaintiffs about prior accidents. However, the record shows the questions were relevant to the extent of the injuries claimed by the plaintiffs and, in any event, no objection was made at the trial when the questions were asked. Therefore the plaintiffs may not complain here. See *Hohenberg Brothers Co. v. Missouri Pacific Railroad Co.*, 586 S.W.2d 117, 119 (Tenn.App. 1979), and *Frazee v. Dobson*, 565 S.W.2d 883, 886 (Tenn.App.1977).

For the above reasons the Trial Court is affirmed.

AFFIRMED.

TODD, J., and SHRIVER, Special Judge, concur.