NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific Reporter.* *Readers are encouraged to bring typographical or other formal* *errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| ROSE M. OLSON,<br><br>                              Appellant,<br><br>                    v.<br><br>STATE OF ALASKA,<br><br>                              Appellee. | Court of Appeals No. A-11627<br>Trial Court No. 4BE-12-1078 CR<br><br><br>O P I N I O N<br><br><br>No. 2479 — November 13, 2015 |

Appeal from the District Court, Fourth Judicial District, Bethel, Bruce Ward, Magistrate Judge.

Appearances: Gavin Kentch, Law Office of Gavin Kentch, LLC, Anchorage, for the Appellant. Ben Wohlfeil, Assistant District Attorney, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge ALLARD.

A jury convicted Rose M. Olson of importation of alcoholic beverages into a local option community, a class A misdemeanor.[1]

Olson now appeals, raising three claims of error. She argues first that the trial court improperly limited her cross-examination of the State's main witness by

---

[1] AS 04.11.499(a); AS 04.16.200(e)(1).

preventing her from cross-examining the witness about an alleged probation violation and a false statement to the court. She argues next that the prosecutor committed prosecutorial misconduct by referring to the jurors by name during his closing argument. Last, she argues that the judge relied on improper considerations at her sentencing.

For the reasons explained here, we reject Olson's claims and affirm her conviction and sentence.

(Olson also separately argues that her judgment of conviction has a clerical error. The State agrees. Olson's judgment of conviction incorrectly states she was convicted under AS 04.16.200(e)(1). But Olson was actually convicted of violating AS 04.11.499(a). Accordingly, we direct the district court to amend the judgment to reflect the correct statute under which Olson was convicted.)

*Background facts*

In October 2012, Alaska State Trooper Angela Womack received a tip that a woman named Pauline Roland was planning to import alcohol and marijuana into Goodnews Bay, a local option community. A few weeks after receiving the tip, Trooper Womack learned that Roland and her friend, Rose Olson, had checked in for an afternoon flight from Bethel to Goodnews Bay.

Trooper Womack intercepted the two women at the Bethel airport. A subsequent search of their bags uncovered thirteen 750 milliliter bottles of alcohol and 26.5 grams of marijuana. Roland's name tags were on the bags in which the alcohol was found. But the clothes in one of the bags belonged to Olson. Olson's name tag was on the bag without any alcohol but Roland's prescription medication was found in this bag.

Roland admitted that the marijuana was hers but she told the trooper that the alcohol belonged to Olson and that Olson had switched the name tags. Olson told the trooper that the alcohol was Roland's, although she admitted that she (Olson) had

helped pack the alcohol in the bags and also admitted that one of the bags with alcohol contained her clothes.

The State charged both women with importation of alcoholic beverages into a local option community, a class A misdemeanor.[2] Roland was also charged with sixth-degree misconduct involving a controlled substance based on the marijuana.[3]

Roland subsequently entered into a plea agreement with the State whereby she agreed to plead guilty to the misdemeanor drug charge and agreed to testify against Olson at trial in exchange for the State dismissing the importation charge.

*Olson's trial*

At Olson's trial, Roland testified against Olson in accordance with her plea agreement. Roland testified that the alcohol belonged to Olson and that Olson alone had packed the alcohol into the bags.

Roland was cross-examined about the details of her plea agreement, and she admitted that she was testifying against Olson in exchange for the State's dismissal of the importation charge against her. Roland was further impeached by various inconsistent statements that she had made to Trooper Womack about the marijuana and the alcohol.

During her testimony, Trooper Womack acknowledged that Roland had initially lied to her about the marijuana and "changed her story" at least seven times. Trooper Womack also testified that Olson admitted to helping Roland pack the alcohol and also claimed ownership of some of the clothes packed with the alcohol.

---

[2] AS 04.11.499(a); AS 04.16.200(e)(1).

[3] AS 11.71.060(a)(1).

The prosecutor's closing argument focused on the fact that Olson was charged as both an accomplice and a principal, and the prosecutor argued to the jury that it should convict Olson as an accomplice even if it did not entirely believe Roland's version of events.

The jury convicted Olson of importation. At sentencing, the judge sentenced Olson to 89 days with 80 suspended (9 days to serve), a $1,500 fine, and 18 months of probation.

Olson appeals.

*Olson's argument that the court improperly limited her cross-examination of Roland*

During the defense case, Olson recalled Roland to the witness stand and attempted to ask her whether she had consumed alcohol "within the month or two prior" to her change of plea hearing. The prosecutor objected on relevancy grounds. The defense attorney argued that the question was relevant as impeachment because Roland falsely claimed at her plea colloquy that she had been sober for 20 years. The trial court sustained the prosecutor's objection, ruling that Evidence Rule 608 precluded Olson from questioning Roland about a specific instance of dishonesty.

Olson challenges this ruling on appeal, asserting that she should have been permitted to impeach Roland with Roland's "prior inconsistent statement" to the court about her sobriety. But the trial court was within its discretion to restrict Olson from questioning Roland about a specific instance of dishonesty that had no clear relevancy to the issues in this case. (We also note that Roland's statement at her change of plea colloquy that she had been sober for 20 years does not qualify as a "prior inconsistent statement." At trial, Roland testified that she had been sober for a long time and claimed that her contrary statement to the trooper was not true.)

Olson also argues that the trial court's ruling unfairly prevented her from questioning Roland about her alleged drug use and an apparent probation violation that was never pursued by the State. Olson asserts that this evidence was relevant as impeachment evidence because it demonstrated Roland's continued need to curry favor with the State.

But, as the State points out and the record demonstrates, Olson explicitly abandoned this line of questioning in the proceedings below, and she never actually sought to introduce this evidence or obtain a ruling on its admissibility. (Nor did she make any offer of proof with regard to this evidence.) Because Olson abandoned this issue in the trial court, her arguments about the alleged probation violation are not properly before this Court on appeal.[4]

*Olson's argument that the prosecutor committed misconduct by referring to the individual jurors by name during the prosecutor's closing argument*

During his closing argument, the prosecutor referred to the jurors by name on two separate occasions. The first time this occurred was when the prosecutor was explaining accomplice/principal liability to the jury. The prosecutor told the jury that Olson had been charged both as a principal and as an accomplice, and he further explained that the jurors did not need to be unanimous as to Olson's role to convict her. To illustrate this point, the prosecutor referred to the jurors by name:

> For example, Mr. M[], Mr. N[] and Ms. W[], you could say she was the main player, Ms. Roland was the helper. And Ms. J[], Ms. E[] and Mr. Mu[] could say just the opposite — no way, she was the helper, Ms. Olson was the helper and Ms.

---

[4]  *See Pierce v. State*, 261 P.3d 428, 431 & n.5 (Alaska App. 2011); *Bryant v. State*, 115 P.3d 1249, 1258 (Alaska App. 2005).

Roland was the main player. Your verdict is the same either way, guilty.[5]

The second time the prosecutor used a juror name was when he was explaining the State's burden of proof beyond a reasonable doubt. During this explanation, the prosecutor used the metaphor of "flopping" in basketball. After using the term "flopping," the prosecutor referred to Mr. Mu[] by name, noting that "[if] any of you need a reminder about what a flop is in basketball, talk to Mr. Mu[]." (Apparently the prosecutor and Mr. Mu[] had discussed basketball and "flopping" in voir dire.)

On appeal, Olson acknowledges that her attorney did not object to the prosecutor's use of the jurors' names but she asserts that the prosecutor's conduct was so egregious that it undermined the fundamental fairness of her trial and requires reversal of her conviction.[6]

Because Olson did not object to the prosecutor's conduct in the trial court, Olson must prove plain error on appeal.[7] To establish plain error, Olson must show that: (1) the error would have been obvious to any competent judge or lawyer, (2) the record does not obviously demonstrate that Olson's lawyer made a tactical decision not to object to the error, (3) the error involved substantial rights, and (4) Olson was in fact prejudiced by this error.[8]

As an initial matter, we question whether the prosecutor's conduct in this case qualifies as obvious error. As Olson acknowledges, this is an issue of first impression in Alaska and there are no Alaska cases approving or disapproving the use of jurors' names during closing argument.

---

[5] We have redacted the jurors' names to protect their privacy.

[6] *See Rogers v. State*, 280 P.3d 582, 589 (Alaska App. 2012).

[7] *See Adams v. State*, 261 P.3d 758, 770 (Alaska 2011).

[8] *See Moreno v. State*, 341 P.3d 1134, 1139 (Alaska 2015); *Adams*, 261 P.3d at 773.

In her briefing, Olson cites to multiple cases from other jurisdictions that have directly condemned this practice.[9] The primary concern voiced by these courts is that, by singling out an individual juror by name, the attorney is attempting to play to the juror's particular prejudices and sympathies and to encourage the jury, as a whole, to decide the case on improper grounds.[10] As the Illinois Supreme Court has warned, "[s]uch tactics produce for the State no benefit whatever, since a conviction will not stand where it appears that the jury's verdict may have been influenced by improper argument."[11] Another concern is that the practice of referring to jurors by name constitutes inappropriate pandering that can breed over-familiarity and distract the jury from its solemn obligation to decide the case impartially based on the evidence presented at trial.[12]

---

[9]   *See, e.g.*, *People v. Freeman*, 882 P.2d 249, 288 (Cal. 1994) ("[A]rguments should be addressed to the jury as a body and the practice of addressing individual jurors by name during the argument should be condemned rather than approved.") (internal citations omitted); *People v. Davis*, 264 N.E.2d 140, 143 (Ill. 1970); ("[T]he tactic of addressing jurors individually, by name, and attempting to play upon their personal circumstances and fears is disapproved by this court."); *Milby v. Louisville Gas & Elec. Co.*, 375 S.W.2d 237, 241 (Ky. 1963) ("We do not consider it good practice for counsel, in closing argument, to address individual jurors by name."); *State v. Morais*, 819 A.2d 424, 429 (N.J. App. Div. 2003) (holding it improper for an attorney to refer to a juror individually by name, experience or background during closing argument); *Pendleton v. Evetts*, 611 S.W.2d 607, 609 (Tenn. App. 1981) ("Our decisions and the great weight of authority elsewhere indicate that it is improper to address a juror individually or by name during argument.").

[10]   *See, e.g.*, *Morais*, 819 A.2d at 429.

[11]   *Davis*, 264 N.E.2d at 143 (internal citations omitted).

[12]   *See, e.g.*, *McMahan v. State*, 354 P.2d 476, 484 (Okla. Crim. App. 1965).

But despite the considerable weight of authority condemning this practice, it is nevertheless rare for a court to reverse a conviction based on this error alone.[13] Reversal is likewise not appropriate here.

As we previously recounted, Olson's case involves two instances where the prosecutor referred to the jurors by name during the closing argument.

In the first instance, the prosecutor divided the jurors into two camps (apparently at random) for the purpose of explaining that the jurors did not need to reach unanimous agreement as to whether Olson was guilty because of her own actions or, instead, because of her complicity in Roland's actions. While it would perhaps have been better if the prosecutor had explained this principle by referring to a hypothetical division of the jury in generic terms — *e.g.*, "some of you may believe X, while others of you may believe Y" — the use of the juror names in the prosecutor's example was benign. Although the prosecutor referred to the jurors by name, he did not single out individual members of the jury, or address them personally, or attempt to play to their personal sympathies, prejudices, or life circumstances.

The prosecutor's second use of a juror's name was different. Here, the prosecutor *did* single out a particular juror for attention, based on that juror's life circumstances or experience (*i.e.*, his knowledge of basketball). But the juror's knowledge of basketball had no actual relevancy to this case. Additionally, the prosecutor's strained metaphor involving "flopping" in basketball was confusing and cursory.[14]

---

[13] *Cf. State v. Garcia*, 1981 WL 5586, at *6 (Ohio App. May 15, 1981) (unpublished) (acknowledging that it is improper for a prosecutor to address jurors by name but also noting that "this court has failed to find any cases where the trial court's decision was reversed based on this error alone").

[14] In her reply brief, Olson argues that the "flopping" metaphor was improper because

(continued...)

– 8 –                                                                                    2479

Therefore, although we do not approve of the prosecutor's decision to refer to individual jurors by name and to single out one juror and encourage the other jurors to consult with him, we do not find any reason to believe that Olson was prejudiced by the prosecutor's conduct. Accordingly, we reject this claim of plain error on appeal.

*Olson's challenge to her sentence*

Olson argues that the trial court relied on improper considerations in formulating her sentence. Specifically, she claims that the court unfairly increased her sentence based on an implicit finding that the felony aggravator AS 12.55.155(c)(16) — "the defendant's criminal conduct was designed to obtain substantial pecuniary gain and the risk of prosecution and punishment for the conduct is slight" — applies to her case. Olson contends that there was no evidentiary basis for finding this statutory aggravator in her case.

We do not agree with Olson that the trial court "found" this statutory aggravator, whether explicitly or implicitly. During his sentencing remarks, the judge commented on the fact that unlawfully selling alcohol in the bush is a high-profit-margin enterprise with a relatively low rate of detection. But the judge also made it very clear that he was "not inferring that [Olson] was going to resell [the alcohol she imported]."

The judge explained that the primary focus of Olson's sentence was deterrence, both specific and general. His comments also focused on the relatively large

---

[14] (...continued) it associated Olson and her defense attorney with deceitful sports behavior heavily criticized in mainstream media. Olson did not make this argument in her opening brief. As a general matter, we do not address arguments that were raised for the first time in a reply brief. *See Berezyuk v. State*, 282 P.3d 386, 398 (Alaska App. 2012). In any case, we note that the prosecutor's flopping metaphor was so confusing and seemingly inapt that we question whether it could have had any impact on the jury, even assuming it was improper.

quantity of alcohol involved and the negative consequences of alcohol importation to a dry community.

We therefore reject Olson's claim that the judge relied on improper considerations at trial. In addition, having independently reviewed the record and the judge's sentencing remarks, we conclude that Olson's sentence is not clearly mistaken.[15]

*Conclusion*

We AFFIRM Olson's conviction and sentence, but we direct the district court to amend the judgment of conviction to reflect the correct statute under which Olson was convicted.

---

[15] *McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974).

# In the Court of Appeals of the State of Alaska

| | | |
|---|---|---|
| **Rose M. Olson**, | ) | |
| | ) | Court of Appeals No. **A-11627** |
| Appellant, | ) | |
| v. | ) | **Order** |
| | ) | |
| **State of Alaska**, | ) | |
| | ) | |
| Appellee. | ) | Date of Order: **November 13, 2015** |

Trial Court Case # **4BE-12-01078CR**


Before:  Mannheimer, Chief Judge, and Allard, Judge.


Upon consideration of the Appellant's motion to publish our decision in this case,

    **IT IS ORDERED**:

    1.  The motion to publish is **GRANTED**.

    2.  Memorandum Opinion No. 6240, issued on September 23, 2015 is **WITHDRAWN** and Opinion No. 2479 is issued in its place.

    Entered at the direction of the Court.


                       Clerk of the Appellate Courts
                          /s/

                       _____
                       Marilyn May

cc:    Court of Appeals Judges
       Central Staff
       Magistrate Judge Ward
       Publishers

Distribution:

| | |
|---|---|
| Gavin Kentch - OPA Contract | Benjamin Wohlfeil |
| Law Office of Gavin Kentch, LLC | Assistant District Attorney |
| 601 West Fifth Avenue, Second Floor | 310 K Street, Suite 520 |
| Anchorage AK 99501 | Anchorage AK 99501 |